Court Of Appeals
Fourth Court of Appeals District of Texas
San Antonio

★ ★ ★ ★ ★ ★

# OPINION

No. 04-08-00535-CR

Brooke Huron **PIZANA**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 379th Judicial District Court, Bexar County, Texas
Trial Court No. 2005-CR-1446
Honorable Bert Richardson, Judge Presiding

Opinion by:　Marialyn Barnard, Justice

Sitting:　　Sandee Bryan Marion, Justice
　　　　　Phylis J. Speedlin, Justice
　　　　　Marialyn Barnard, Justice

Delivered and Filed:　March 18, 2009

AFFIRMED

Brooke Huron Pizana appeals the trial court's judgment adjudicating her guilt and sentencing her to fifteen years imprisonment for serious bodily injury to a child. The sole issue presented on appeal is whether the evidence is legally sufficient to support the underlying conviction. We affirm the trial court's judgment.

### BACKGROUND

Pizana pled guilty to serious bodily injury to a child and was placed on deferred adjudication community supervision on March 28, 2006. The terms and conditions of Pizana's community supervision were altered in response to the State's first motion to adjudicate. On June 26, 2008, Pizana pled true to violating one of the terms and conditions of her community supervision. The trial court signed a judgment adjudicating her guilt and sentencing her to fifteen years imprisonment.

### DISCUSSION

The sole issue presented by Pizana on appeal is that the stipulated evidence in support of Pizana's guilty plea failed to establish that Pizana caused serious bodily injury to the child. Pizana argues, "Although a skull fracture may *sound* quite serious and may evoke horrible images, showing that the complainant suffered a skull fracture does not establish that he suffered serious bodily injury, and nothing in the law makes a skull fracture a serious bodily injury *per se*." Referring to the child's skull fracture "that resulted in blood pooling underneath the scalp" as a "bump on his head," Pizana contends, "Nothing in the stipulated evidence, except for Ms. Pizana's plea, tends to establish the essential element of serious bodily injury."

The State asserts Pizana's complaint should be dismissed because she failed to raise the issue in an appeal from the order placing Pizana on deferred adjudication community supervision. Pizana responds that a 2007 amendment to article 42.12, section 5(b) of the Texas Code of Criminal Procedure allows her to raise this issue because the amendment allows the trial court's decision to adjudicate a defendant's guilt to be "review[ed] in the same manner as a revocation hearing conducted under Section 21 of this article in a case in which an adjudication of guilt had not been deferred." TEX. CODE CRIM. PROC. ANN. art. 42.12, § 5(b) (Vernon Supp. 2008). Pizana argues that

the decision to adjudicate guilt "should depend on the facts and circumstances the State proved with regard to the underlying charge, not the probationer's performance while on deferred adjudication probation." Pizana contends that the Legislature's reference to Section 21 is confusing because Section 21 only sets forth the procedures for detaining a defendant who violates the conditions of his community supervision and for conducting a hearing at which the trial judge may either continue, extend, modify, or revoke the community supervision.

We disagree with Pizana's interpretation of the 2007 amendment. Prior to the amendment, a defendant on deferred adjudication community supervision could not appeal the trial court's decision to proceed with an adjudication of guilt because the statute expressly provided, "No appeal may be taken from this determination." *See* Act of May 23, 2007, 80th Leg., R.S., ch. 1308, § 5, 2008 Tex. Sess. Law. Serv. 4395, 4397. After the amendment, as previously noted, the trial court's determination to proceed with an adjudication of guilt on the original charge "is reviewable in the same manner as a revocation hearing conducted under Section 21 of this article in a case in which an adjudication of guilt had not been deferred." TEX. CODE CRIM. PROC. ANN. art. 42.12, § 5(b) (Vernon Supp. 2008). In reviewing judgments resulting from revocation hearings, the Texas Court of Criminal Appeals has "long held that a defendant placed on 'regular' community supervision may raise issues relating to the conviction, such as evidentiary sufficiency, only in appeals when community supervision is originally imposed." *Manuel v. State*, 994 S.W.2d 658, 661 (Tex. Crim. App. 1999). Similarly, a defendant placed on deferred adjudication community supervision may raise issues relating to the original plea proceeding, such as evidentiary sufficiency, only in appeals taken when deferred adjudication community supervision is first imposed. *Id.*

Nothing in the amended language in article 42.12, section 5(b) evidences an intent by the Legislature to change this "long held" limitation. In fact, the reference in the amended statute to reviewing the trial judge's determination in the same manner as revocation hearings indicates an intent to retain that limitation. We conclude that it "was not the Legislature's intent, in [amending article 42.12, section 5(b)], to permit *two* reviews of the legality of a deferred adjudication order, one at the time deferred adjudication is first imposed and another when, and if, it is later revoked." *Id*.; *see also Morris v. State*, No. 12-07-00289-CR, 2008 WL 2930399, at *1-2 (Tex. App.—Tyler July 31, 2008, no pet.) (applying restriction in *Manuel* to appeal under amended statute).

Rejecting Pizana's argument regarding the effect of the amendment to article 42.12, section 5(b) does not, however, end our analysis of Pizana's sufficiency complaint. Although the general rule prohibits the original plea from being attacked in an appeal challenging the trial court's determination to adjudicate guilt, the void judgment exception to that rule permits the original plea to be attacked if the judgment is void because the record reflects that there is no evidence to support the conviction. *See Nix v. State*, 65 S.W.3d 664, 667-68 (Tex. Crim. App. 2001). In this case, Pizana argues, "[t]he State wholly failed to establish that the child suffered serious bodily injury." Therefore, we review this complaint under the void judgment exception. *See Morris*, 2008 WL 2930399, at *2 (applying void judgment exception in reviewing trial court's determination to adjudicate under amended statute).

"For the judgment to be void, the record must show a complete lack of evidence to support the conviction, not merely insufficient evidence." *Nix*, 65 S.W.3d 668 n.14. "[A] guilty plea constitutes some evidence for this purpose." *Id*. Pizana guilty plea to the underlying charge is, therefore, some evidence to support her conviction under the void judgment exception. Moreover,

as Pizana acknowledges, this court also has held that a judicial confession alone is sufficient to sustain a conviction upon a guilty plea, and the record in this case contains Pizana's judicial confession. *See Tijerina v. State*, 264 S.W.3d 320, 324 (Tex. App.—San Antonio 2008, pet. ref'd). Finally, the appellate record contains no reporter's record from the original plea hearing. Because we must assume that the missing record would support the judgment, the conviction is not void.[1] *Nix*, 65 S.W.3d at 668-69; *Morris*, 2008 WL 2930399, at *2.

## CONCLUSION

The trial court's judgment is affirmed.

Marialyn Barnard, Justice

PUBLISH

---

[1] We also note that one of the exhibits admitted into evidence during Pizana's bail reduction hearing was a letter directed to the trial court for its consideration which contained the medical opinion of one of the physicians who treated the child. In that letter, the physician states, "I am of the trained opinion that [the child] sustained serious bodily injury and these substantial injuries to his head did not happen in the manner stated." Although the first page of this letter in which the physician stated her opinion was not attached to the stipulation of evidence in our record, the second page of the letter was attached, indicating that the first page of the letter might also have been attached at the time of the plea.