Dismissed and Memorandum Opinion filed February 4, 2010.

 

In The

 

Fourteenth Court of
Appeals

___________________

 

NO. 14-09-00392-CR

NO. 14-09-00393-CR

___________________

 

CASSANDRA VIOLET MCGUIRE,
Appellant

 

V.

 

THE STATE OF TEXAS, Appellee



 



 

On
Appeal from the 212th District Court

Galveston County,
Texas



Trial Court Cause Nos. 06CR0145 & 06CR0144

 



 

 

MEMORANDUM OPINION

            Appellant Cassandra Violet McGuire was indicted on two
charges of aggravated sexual assault of a child.  On August 6, 2007, she pleaded
guilty to two charges of indecency with a child by exposure.  The trial court
ordered deferred adjudication of the charges, placing appellant on community
supervision for seven years.  On August 21, 2008, the State filed a motion to
adjudicate guilt.  After a hearing, the trial court found appellant guilty and
assessed punishment for each charge at confinement for ten years in the
Institutional Division of the Texas Department of Criminal Justice.  On appeal,
appellant contends that she did not commit the offenses and she received
ineffective assistance of counsel at the time of her original plea.  She
further contends that her guilty pleas on the original charges were involuntary
due to ineffective assistance of counsel.  Because we have no jurisdiction to
consider the voluntariness of appellant’s original plea of guilty after the
trial court has adjudicated her guilt, we dismiss for want of jurisdiction.

A defendant placed on deferred adjudication community supervision may
raise issues relating to the original plea proceeding, such as voluntariness,
only in appeals taken when deferred adjudication is first imposed.  Manuel
v. State, 994 S.W.2d 658, 661–62 (Tex. Crim. App. 1999).  Since the Court
of Criminal Appeals decided Manuel, the legislature amended article
42.12 §5(b) to permit review of the trial court’s determination to proceed with
an adjudication of guilt on a criminal charge.  Tex. Code Crim. Proc. Ann. art.
42.12 § 5(b) (Vernon Supp. 2009).  Nothing in the amended language, however,
evidences an intent to permit two reviews of the legality of a deferred
adjudication order, one at the time deferred adjudication is first imposed, and
another when, and if, it is later revoked.  See Pizana v. State, No.
04-08-00535-CR, 2009 WL 700661 at *2 (Tex. App.—San Antonio March 18, 2009, no
pet.) (applying restriction in Manuel to amended statute).  Because
McGuire did not challenge the voluntariness of her plea until after the trial
court adjudicated her guilt and revoked her community supervision, we have no
jurisdiction to entertain her appeal.  See id. at 662.

Accordingly, we dismiss the appeal for want of jurisdiction.

                                                                                    PER
CURIAM

 

 

 

Panel consists of Justices
Yates, Seymore, and Brown.

Do
Not Publish — Tex. R. App. P. 47.2(b).