

# COURT OF APPEALS

## SECOND DISTRICT OF TEXAS
### FORT WORTH

**NO. 2-09-147-CR**
**NO. 2-09-148-CR**

VICTOR JONES                                                                    APPELLANT

V.

THE STATE OF TEXAS                                                              STATE

------------

FROM THE 367TH DISTRICT COURT OF DENTON COUNTY

------------

## MEMORANDUM OPINION[1]

------------

### I. INTRODUCTION

Appellant Victor Jones appeals from the trial court's order revoking his deferred adjudication community supervision and adjudicating him guilty of aggravated assault.  In two issues, Jones argues that the evidence is legally and factually insufficient to sustain his conviction.  It is not clear whether Jones is challenging the sufficiency of the evidence to support his underlying aggravated

---

[1] *See* Tex. R. App. P. 47.4.

assault conviction or to support his the revocation of his community supervision, and in the interest of justice, we will construe his issues as raising both contentions. We will affirm.

## II. PROCEDURAL BACKGROUND

Jones pleaded guilty to aggravated assault pursuant to a plea agreement. On January 11, 2008, the trial court placed him on ten years' deferred adjudication community supervision and imposed a $500 fine. The State filed a motion to proceed with an adjudication of guilt on October 21, 2008, and filed an amended motion on January 12, 2009, both alleging that Jones had violated multiple conditions of his community supervision. At the adjudication hearing, Jones initially pleaded "Not True" to the alleged violations of his community supervision conditions, and the State called several witnesses to testify regarding those allegations. The hearing continued on a later date, at which time Jones withdrew his plea and entered a plea of "True." Jones testified and attempted to explain some of his violations. The trial court found the allegations true, adjudicated Jones guilty, sentenced him to thirteen years' confinement, and imposed a $500 fine.

## III. NO JURISDICTION OVER ISSUES CHALLENGING UNDERLYING CONVICTION

When, as here, a defendant is placed on deferred adjudication community supervision, the trial court's determination to proceed with an adjudication of guilt on the original charge is reviewable under the same standard applied to a trial court's

2

decision to revoke community supervision. Tex. Code Crim. Proc. Ann. art. 42.12, § 5(b) (Vernon 2009). In other words, a defendant placed on deferred adjudication community supervision may raise issues relating to the original plea proceeding, such as evidentiary sufficiency, only in appeals taken when deferred adjudication community supervision is first imposed. *See Manuel v. State*, 994 S.W.2d 658, 661 (Tex. Crim. App. 1999) (setting forth standard applied to trial court's decision to revoke community supervision); *Pizana v. State*, No. 04-08-00535-CR, 2009 WL 700661, at *1–2 (Tex. App.—San Antonio Mar. 18, 2009, no pet.) (applying *Manuel* in appeal of trial court's judgment adjudicating defendant's guilt).

In this case, Jones's appeal was filed well over thirty days after the original plea proceeding; therefore, to the extent that he complains of his underlying conviction, his appeal is not timely. *See* Tex. R. App. P. 26.2(a) (providing notice of appeal must be filed within thirty days of sentencing or ninety days if motion for new trial filed).[2]  We lack jurisdiction over Jones's two issues to the extent that he

---

[2] The void judgment rule is an exception to the general rule that complaints about the original plea proceeding must be raised on appeal when deferred adjudication is first imposed. *See Nix v. State*, 65 S.W.3d 664, 667–68 (Tex. Crim. App. 2001) (noting that exception applies in very rare situations). For the exception to apply, the record must reflect a complete lack of evidence to support the conviction, not merely insufficient evidence. *Id.* at 668 n.14. The void judgment exception does not apply to Jones's appeal because he does not contend—and the record does not reflect—that no evidence supports his conviction. *See id.*; *Pizana*, 2009 WL 700661, at *2 (holding that void judgment exception did not apply because defendant's guilty plea to underlying charge was some evidence to support her conviction).

3

attempts to challenge the sufficiency of the evidence regarding his underlying conviction.

### IV. SUFFICIENCY OF EVIDENCE AT ADJUDICATION HEARING

We apply an abuse of discretion standard to a trial court's judgment revoking community supervision imposed under an order of deferred adjudication. *Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006); *Cardona v. State*, 665 S.W.2d 492, 493 (Tex. Crim. App. 1984). The State must prove by a preponderance of the evidence that a condition of community supervision was violated. *Rickels*, 202 S.W.3d at 763 (citing *Cardona*, 665 S.W.2d at 493). A plea of true to even one of the State's allegations is sufficient to support a revocation of deferred adjudication community supervision. *See Watts v. State*, 645 S.W.2d 461, 463 (Tex. Crim. App. 1983).

Here, Jones's pleas of true support the trial court's decision to adjudicate. *See id.* Additionally, his own testimony admitting to violations of his community supervision conditions supports the trial court's decision. Consequently, the trial court did not abuse its discretion by revoking Jones's community supervision. *See Rickels*, 202 S.W.3d at 763. To the extent that Jones challenges the sufficiency of the evidence at the adjudication proceeding, we overrule Jones's two issues.

### V. CONCLUSION

Having determined that we lack jurisdiction to consider Jones's two issues to the extent that he attempts to challenge the sufficiency of the evidence regarding the

original plea proceeding, we dismiss those parts of his two issues for want of jurisdiction. Having overruled Jones's two issues to the extent that he challenges the sufficiency of the evidence regarding the adjudication proceeding, we affirm the trial court's judgment.

PER CURIAM

PANEL: WALKER, LIVINGSTON, and GARDNER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: March 11, 2010