COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                FORT
WORTH

 

 

                                                 NO.
2-09-147-CR

                                                 NO.
2-09-148-CR

 

 

VICTOR
JONES                                                                                 APPELLANT

 

                                                             V.

 

THE
STATE OF TEXAS                                                                             STATE

 

                                                       ------------

 

               FROM THE 367TH
DISTRICT COURT OF DENTON COUNTY

 

                                                       ------------

 

                                      MEMORANDUM OPINION[1]

 

                                                       ------------

                                               I. 
Introduction








Appellant Victor Jones appeals from
the trial court=s order revoking his deferred
adjudication community supervision and adjudicating him guilty of aggravated
assault.  In two issues, Jones argues
that the evidence is legally and factually insufficient to sustain his
conviction.  It is not clear whether
Jones is challenging the sufficiency of the evidence to support his underlying
aggravated assault conviction or to support his the
revocation of his community supervision, and in the interest of justice, we
will construe his issues as raising both contentions.  We will affirm.

                                   II.  Procedural Background

Jones pleaded guilty to aggravated
assault pursuant to a plea agreement.  On
January 11, 2008, the trial court placed him on ten years= deferred adjudication community
supervision and imposed a $500 fine.  The
State filed a motion to proceed with an adjudication of guilt on October 21,
2008, and filed an amended motion on January 12, 2009, both alleging that Jones
had violated multiple conditions of his community supervision.  At the adjudication hearing, Jones initially
pleaded ANot True@ to the alleged violations of his
community supervision conditions, and the State called several witnesses to
testify regarding those allegations.  The
hearing continued on a later date, at which time Jones withdrew his plea and
entered a plea of ATrue.@  Jones testified and
attempted to explain some of his violations. 
The trial court found the allegations true, adjudicated Jones guilty,
sentenced him to thirteen years= confinement, and imposed a $500
fine.

                   III.  No Jurisdiction
Over Issues Challenging

                                        Underlying
Conviction

 








When, as here, a defendant is placed
on deferred adjudication community supervision, the trial court=s determination to proceed with an
adjudication of guilt on the original charge is reviewable under the same
standard applied to a trial court=s decision to revoke community supervision.  Tex. Code Crim. Proc. Ann.
art. 42.12, ' 5(b)
(Vernon 2009).  In other words, a
defendant placed on deferred adjudication community supervision may raise
issues relating to the original plea proceeding, such as evidentiary
sufficiency, only in appeals taken when deferred adjudication community
supervision is first imposed.  See
Manuel v. State, 994 S.W.2d 658, 661 (Tex. Crim.
App. 1999) (setting forth standard applied to trial court=s decision to revoke community
supervision); Pizana v. State, No.
04-08-00535-CR, 2009 WL 700661, at *1B2 (Tex. App.CSan Antonio Mar. 18, 2009, no pet.) (applying Manuel in appeal of trial court=s judgment adjudicating defendant=s guilt).








In this case, Jones=s appeal was filed well over thirty
days after the original plea proceeding; therefore, to the extent that he
complains of his underlying conviction, his appeal is not timely.  See Tex. R. App. P. 26.2(a) (providing
notice of appeal must be filed within thirty days of sentencing or ninety days
if motion for new trial filed).[2]   We lack jurisdiction over Jones=s two issues to the extent that he
attempts to challenge the sufficiency of the evidence regarding his underlying
conviction.

            IV.  Sufficiency of Evidence at Adjudication Hearing

We apply an abuse of discretion
standard to a trial court=s judgment revoking community
supervision imposed under an order of deferred adjudication.  Rickels v. State, 202 S.W.3d 759, 763
(Tex. Crim. App. 2006); Cardona v. State, 665 S.W.2d
492, 493 (Tex. Crim. App. 1984). 
The State must prove by a preponderance of the evidence that a condition
of community supervision was violated.  Rickels, 202 S.W.3d at 763
(citing Cardona, 665 S.W.2d at 493).  A plea of true to even one of the State=s allegations is sufficient to
support a revocation of deferred adjudication community supervision.  See Watts v. State, 645
S.W.2d 461, 463 (Tex. Crim. App. 1983).

Here, Jones=s pleas of true support the trial
court=s decision to adjudicate.  See id.  Additionally, his own
testimony admitting to violations of his community supervision conditions
supports the trial court=s decision.  Consequently, the trial court did not abuse
its discretion by revoking Jones=s community supervision. 
See Rickels, 202 S.W.3d at 763. 
To the extent that Jones challenges the sufficiency of the evidence at
the adjudication proceeding, we overrule Jones=s two issues.

                                                V. 
Conclusion








Having
determined that we lack jurisdiction to consider Jones=s two
issues to the extent that he attempts to challenge the sufficiency of the
evidence regarding the original plea proceeding, we dismiss those parts of his
two issues for want of jurisdiction. 
Having overruled Jones=s two issues to the extent that he challenges the
sufficiency of the evidence regarding the adjudication proceeding, we affirm
the trial court=s judgment.

 

 

 

PER
CURIAM

 

 

PANEL: WALKER,
LIVINGSTON, and GARDNER, JJ.

 

DO NOT PUBLISH

Tex. R. App. P.
47.2(b)

 

DELIVERED: March 11, 2010 











[1]See Tex. R.
App. P. 47.4.





[2]The void judgment rule is an exception to the general
rule that complaints about the original plea proceeding must be raised on
appeal when deferred adjudication is first imposed.  See Nix v. State, 65 S.W.3d 664, 667B68 (Tex. Crim. App. 2001) (noting that exception
applies in very rare situations).  For
the exception to apply, the record must reflect a complete lack of evidence to
support the conviction, not merely insufficient evidence.  Id. at 668 n.14.  The
void judgment exception does not apply to Jones=s appeal because he does not contendCand the
record does not reflectCthat no evidence supports his conviction.  See id.; Pizana,
2009 WL 700661, at *2 (holding that void judgment exception did not apply
because defendant=s guilty plea to underlying charge was some evidence
to support her conviction).