Opinion issued April 22, 2010

 

 



 

In The

Court of Appeals

For The

First District of Texas

————————————

NO. 01-08-00875-CR

———————————

Melvin Laron Duncan, Appellant

 

V.

 

The State of Texas, Appellee



 

 



 

On Appeal from the 337th District Court 

Harris County, Texas

Trial Court Case No. 1150775



 



 

OPINION

 

On
April 29, 2008, appellant, Melvin Laron Duncan, entered a plea of guilty,
without a recommended punishment, to possessing cocaine weighing more than 4
grams but less than 200 grams.[1]  The trial court assessed punishment at seven
years’ deferred adjudication community supervision.  On July 10, 2008, appellant was arrested for
possession of cocaine, and, eight days later, the State moved to adjudicate
guilt on his April 29 plea.  After a
hearing, the trial court adjudicated appellant guilty of his original charge
and assessed punishment at 30 years’ imprisonment.  Appellant appealed the adjudication of his
guilt.  His appointed counsel filed an Anders
brief, and appellant filed a pro se response.

We affirm.

BACKGROUND

On March 28, 2008, the
State indicted appellant for possessing cocaine that weighed more than 4 grams
but less than 200 grams.  On April 29,
2008, appellant entered a plea of guilty without a recommended punishment.  The trial court deferred appellant’s
adjudication for seven years and placed 23 conditions on his community
supervision, including a prohibition on the use, possession, or consumption of
illegal drugs.  The trial court certified
appellant’s right to appeal, indicating that this was not a plea bargain case
with an agreed recommendation as to punishment. 
On July 10, 2008, police officers again arrested appellant for
possession of cocaine.  Eight days later,
the State moved to adjudicate appellant’s original charge, claiming that he had
violated 14 conditions of his community supervision, including the failure to
abstain from the use, possession, or consumption of illegal drugs.    

On October 24, 2008, the
trial court held a hearing on the State’s motion to adjudicate.  At the hearing, appellant denied all but one
of the allegations against him.  Appellant
entered a plea of “true” to the allegation that he did not comply with the condition
that he make a fifty dollar payment to Crime Stoppers.  The State called four witnesses.  Officer B. Borak testified that, at
approximately 3:00 a.m. on July 10, 2008, he and Officer B. Outlaw, who were on
patrol in North Houston, observed appellant commit a traffic violation.  They pulled up behind him with their sirens
on.  As they followed him, they could see
into his car because a 12 to 15 inch television set that hung from the ceiling
of his car was on.  Officer Borak also
testified that, as they followed appellant, they observed him reaching into the
front passenger’s side of his car as well as into the back of his car,
apparently attempting to conceal something. 
After appellant stopped his car and the officers approached him, Officer
Borak noticed a “white crumb-like substance” on the center console of appellant’s
car as well as on the front passenger seat. 
 Officer Outlaw testified that he
saw “white crumbs” “all over” appellant’s black shirt, lap, and seat, as well
as his car’s center console.  The
officers suspected that the substance was cocaine.  They then detained appellant, and Officer
Borak field tested the white substance. 
The test indicated that the substance contained cocaine.   The officers then arrested appellant.

After arresting
appellant, the officers performed an inventory search of appellant’s car and found
small plastic bags that are used to package drugs, a film canister that
contained a white residue, a hole cut into the backseat that allowed a person
to reach from the passenger’s compartment of the car into the trunk, and,
behind the back seat, a bag containing crack cocaine.  Officer Borak testified that he never saw
appellant hold or touch the bag that contained the crack cocaine and that the
police never tested the bag for fingerprints.  
James Miller, a chemist with the Houston Police Department’s Crime Lab,
testified that the substance that the officers recovered from appellant was
cocaine and that it weighed more than 4 grams.[2]  

The defense called
appellant, who testified that he did not commit a traffic violation, that he
had only recently begun to drive the car, that the car belonged to him, and
that he was unaware there was cocaine in the car.  The trial court found the allegations against
appellant true and assessed punishment at 30 years’ imprisonment. 

The trial court appointed
appellate counsel.  Appellant’s counsel
has filed an Anders brief.  Appellant
has filed a pro se response alleging that: (1) the officers lacked
justification to stop him, the subsequent search was in violation of the Fourth
Amendment, and any evidence recovered was “fruit of the poisonous tree”; (2)
his appointed appellate counsel erred by not requesting oral argument and by
not requesting that a private investigator be hired to photograph the
intersection in which the police claimed appellant committed a traffic
violation; and (3) there was no evidence connecting him to the drugs found in the
car.[3]  The State waived its opportunity to file a
response brief.  

STANDARD OF REVIEW

Upon receipt of a motion
to withdraw and a brief from an appellant’s court‑appointed
attorney asserting that there are no arguable grounds for reversal on appeal,
we must determine that issue independently by conducting our own review of the
entire record. See Anders v. California, 386 U.S. 738, 744, 87 S. Ct.
1396, 1400 (1967) (emphasizing that reviewing courtCand not appointed counselCdetermines, after full examination of
proceedings, whether case is “wholly frivolous”); Stafford v. State, 813
S.W.2d 503, 509 (Tex. Crim. App. 1991). 
In conducting our review, we consider any pro se response that the
appellant files to his appointed counsel’s Anders brief.  See Bledsoe v. State, 178 S.W.3d 824,
826B28 (Tex. Crim. App. 2005).  Our role in an Anders case is limited
to determining whether arguable grounds for appeal exist.  See id. at 826B27. 
We do not rule on the ultimate merits of the issues raised by an
appellant in his pro se response.  Id.
at 827.  If we determine that arguable
grounds for appeal exist, we must allow the court-appointed attorney to
withdraw, abate the appeal, and remand the case to the trial court.  See id. at 827.  The trial court must then either appoint
another attorney to present all arguable grounds for appeal or, if the
appellant wishes, allow him to proceed pro se in the appellate court.  See id.   “Only after the issues have been briefed by
new counsel may [we] address the merits of the issues raised.”  Id.

If, on the other hand, we
determine from our independent review of the entire record that the appeal is
wholly frivolous, we may affirm the trial court’s judgment by issuing an
opinion in which we indicate that we have reviewed the record and have found no
arguable grounds for appeal.  See id.
at 826B28. 


ANALYSIS

Appellant’s pro se issues
all pertain to his original plea.  He
complains that (1) the officers lacked justification to stop him, that the
subsequent search was in violation of the Fourth Amendment, and that any
evidence recovered was “fruit of the poisonous tree”; (2) his appointed
appellate counsel erred by not requesting oral argument and by not requesting
that a private investigator be hired to photograph the intersection in which
the police claimed appellant committed a traffic violation; and (3) there was
no evidence connecting him to the drugs found in the car.  

          Article
42.12, section 5(b)
of the Texas Code of Criminal Procedure governs the right to review, of a trial
court’s decision to adjudicate guilt.  Article
42.12, section 5(b)
states, in relevant part:

On violation of a condition of community supervision
imposed under Subsection (a) of this section, the defendant may be arrested and
detained as provided in Section 21 of this article.  The defendant is entitled to a hearing
limited to the determination by the court of whether it proceeds with an
adjudication of guilt on the original charge. 
This determination is reviewable in the same manner as a revocation
hearing conducted under Section 21 of this article in a case in which an
adjudication of guilt had not been deferred. 
After an adjudication of guilt, all proceedings, including assessment of
punishment, pronouncement of sentence, granting of community supervision, and
defendant’s appeal continue as if the adjudication of guilt had not been
deferred. . . .

 

Tex.
Code Crim. Proc. Ann.
art. 42.12, § 5(b)
(Vernon Supp. 2009).  

          Section
5(b) of article 42.12 was amended effective September 2007.  Before the Legislature amended it, this
statute prohibited a defendant on deferred adjudication community supervision
from appealing the trial court’s decision to proceed with an adjudication of
guilt because the statute read, “No appeal may be taken from this
determination.”  See Act of May 23, 2007, 80th Leg., R.S., ch. 1308, §
5, 2008 Tex. Sess. Law.
Serv. 4395, 4397; see also Pizana v.
State, No. 04-08-00535-CR, 2009 WL 700661, at *1 (Tex. App.—San Antonio
March 18, 2009, no pet.).  Following the
amendment, a defendant may challenge the trial court’s determination to proceed
with an adjudication of guilt on the original charge “in the same manner as a
revocation hearing conducted under Section 21 of this article in a case in
which an adjudication of guilt had not been deferred.”  Tex.
Code Crim. Proc. Ann. art. 42.12, § 5(b) (Vernon Supp. 2009);  Pizana,
2009 WL 700661, at *1. 

Appellate review of an
order adjudicating guilt ordinarily is limited to determining whether the trial
court abused its discretion in determining that the defendant violated the
terms of his community supervision. See Tex. Code Crim. Proc. Ann. art. 42.12,
§ 5(b) (Vernon Supp. 2009); see Rickels
v. State, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006) (quoting Cardona v. State, 665 S.W.2d 492, 493
(Tex. Crim. App. 1984)); Manuel v. State,
994 S.W.2d 658, 661 (Tex. Crim. App. 1999)) (holding that defendant placed on
deferred adjudication community supervision may raise issues relating to
original plea proceeding, such as evidentiary sufficiency, only in appeals
taken when deferred adjudication community supervision is first imposed and may
not wait to raise such issues in appeal from revocation of deferred
adjudication).  

The trial court’s
decision must be supported by a preponderance of the evidence. See Rickels, 202 S.W.3d at 763. The
evidence meets this standard when the greater weight of the credible evidence
creates a reasonable belief that a defendant has violated a condition of his
community supervision. Rickels, 202
S.W.3d at 764 (quoting Scamardo v. State,
517 S.W.2d 293, 298 (Tex. Crim. App. 1974)). 
As the sole trier of fact, a trial court determines the credibility of
witnesses. See id.; Jones v. State, 787 S.W.2d 96, 97 (Tex. App.—Houston [1st Dist.] 1990, pet. ref’d).
To support the trial court’s order to adjudicate guilt, the State need only
establish one sufficient ground for revocation. See Moore v. State, 605 S.W.2d 924, 926 (Tex. Crim. App.1980)
(stating that one sufficient ground for revocation is enough to support trial
court’s decision); Joseph v. State, 3
S.W.3d 627, 640 (Tex. App.—Houston [14th Dist.] 1999, no pet.).  The appellant examines the evidence in the
light most favorable to the trial court’s order. Garrett v. State, 619 S.W.2d 172, 174 (Tex. Crim. App. 1981).

With very limited
exceptions, “the original plea cannot be attacked on an appeal of the
revocation proceedings.”  Nix v. State, 65 S.W.3d 664, 667–68
(Tex. Crim. App. 2001) (applying limitations on appeal to cases of deferred
adjudication).  The amended language in
article 42.12, section 5(b) does not indicate an intent by the Legislature to
alter this established limitation.  “In
fact, the reference in the amended statute to reviewing the trial judge’s
determination in the same manner as revocation hearings indicates an intent to retain
that limitation.”  Pizana, 2009 WL 700661, at *2.  

There are two long-recognized
exceptions to the general rule, the “void judgment rule” and the “habeas
corpus” exception.[4]  Id.
at 667.  The Court of Criminal Appeals
has held: 

A judgment of conviction for a crime is void when (1)
the document purporting to be a charging instrument (i.e. indictment,
information, or complaint) does not satisfy the constitutional requisites of a
charging instrument, thus the trial court has no jurisdiction over the
defendant, (2) the trial court lacks subject matter jurisdiction over the
offense charged . . . , (3) the record reflects that there is no evidence to
support the conviction, or (4) an indigent defendant is required to face
criminal trial proceedings without appointed counsel, when such has not been
waived, in violation of Gideon v.
Wainwright.  While we hesitate to
call this an exclusive list, it is very nearly so.

 

Nix, 65 S.W.3d
at 668.  However, “[a] judgment is void
only in very rare situations.”  Id. at 668.  

Here, none of appellant’s
issues regarding his original plea fall within the exceptions to the general
rule.  See id.   Therefore, they may not be raised on appeal
from the trial judge’s determination at the revocation hearing.  See Nix,
65 S.W.3d at 667–68.  Appellant entered a
plea of “true” to the allegation that he did not make a fifty dollar payment to
Crime Stoppers.  His plea of true,
standing alone, is sufficient to support revocation.  Cole v.
State, 578 S.W.2d 127, 129 (Tex. Crim. App. 1979).  As appellant’s counsel states in his Anders brief, the charging instrument
satisfies constitutional requirements, the trial court had jurisdiction, there
was sufficient evidence to support the conviction, and appellant had counsel.  Therefore, we hold that the trial court did
not abuse its discretion in revoking appellant’s community supervision and
adjudicating him guilty.  

Having reviewed the
entire record, appellant’s appointed counsel’s Anders brief, and
appellant’s pro se brief, in accordance with Anders and Bledsoe, we
conclude that no arguable grounds for reversal exist.

CONCLUSION

We affirm the judgment of
the trial court and grant appointed counsel’s motion to withdraw.  Appointed counsel retains a duty to inform
appellant of the result of this appeal and to inform appellant that he may, on
his own, pursue a discretionary review in the Court of Criminal Appeals.  See Bledsoe, 178 S.W.3d at 826B27.

                                                                           

 

                                                                   Evelyn
V. Keyes

                                                                   Justice


 

Panel
consists of Justices Keyes, Sharp, and Massengale.

Publish.   Tex. R. App. P. 47.2(b).











[1]           See Tex.
Health & Safety Code Ann. ' 481.112(d) (Vernon 2003)
(providing elements for possession of cocaine weighing more than 4 grams but
less than 200 grams).





[2]           The
State also called appellant’s probation officer Keith Black.

 





[3]           Appellant
also claims he was profiled and “singled out.” There is no evidence for or
against this in the record, and appellant did not specify the basis for this
claim, nor did he direct this Court to evidence to support such a claim.





[4]           Because
this appeal does not involve habeas corpus we do not consider this exception.