

**NUMBER 13-18-00436-CR**

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

THE STATE OF TEXAS,                                    Appellant,

v.

MANUEL GONZALEZ,                                    Appellee.

**On appeal from the 214th District Court
of Nueces County, Texas.**

# MEMORANDUM OPINION

**Before Justices Benavides, Hinojosa, and Tijerina
Memorandum Opinion by Justice Hinojosa**

Appellant the State of Texas appeals from a judgment granting appellee Manuel Gonzalez's motion for new trial and reducing his sentence from two years' imprisonment to forty days in the county jail following the revocation of Gonzalez's community supervision for an assault family violence conviction. *See* TEX. PENAL CODE ANN. § 22.01(b)(2). In two issues, which we address together, the State argues that: (1) the

trial court abused its discretion by granting a motion for new trial without a valid legal ground; and (2) Gonzalez's sentence is illegal and void. We reverse and remand.

## I.    BACKGROUND

A grand jury returned an indictment charging Gonzalez with two counts of assault family violence with a prior conviction, a third-degree felony. *See id*. Gonzalez pleaded guilty pursuant to a plea agreement. The trial court accepted Gonzalez's plea, found him guilty, and orally pronounced the following sentence:

> [T]he Court finds you guilty of both counts as alleged in the indictment, assesses your punishment at three years confinement in the Texas Department of Corrections. However, the Court will suspend the imposition and place you on probation for a period of three years with certain conditions. I will name a few. 40 day county jail time, credit for time served. $2,000 fine and other programs. No contact with the victims or victim. And other things, such as anger management, BIP, parenting classes, felony VIP and any that you know because your lawyer just explained them to you and other standard conditions of probation.

Despite orally pronouncing a three-year sentence, the trial court's June 25, 2015, written judgment provided that the forty-day jail sanction was Gonzalez's sentence rather than a condition of his community supervision.

Over the next three years, the State filed three motions to revoke. As a result of the first two motions, the trial court continued Gonzalez on community supervision, but it imposed additional sanctions and extended the period of community supervision by two years. The trial court held a hearing on the State's third motion to revoke, during which Gonzalez pleaded true to the alleged violations of his community supervision conditions. At the hearing, the trial court, Gonzalez's counsel, and the prosecutor all proceeded with the understanding that Gonzalez was previously sentenced to three years' imprisonment.

2

Gonzalez's counsel requested that the trial court exercise its authority to reduce the original three-year sentence to two years, which is the minimum for a third-degree felony. *See id.* § 12.34. The trial court found the alleged violations to be true, revoked Gonzalez's community supervision, and sentenced him to two years' imprisonment. *See* TEX. CODE CRIM. PROC. ANN. art. 42A.755(a)(2).

On the State's motion, the trial court later signed a judgment nunc pro tunc, which provided in relevant part as follows:

> It is therefore, CONSIDERED, ORDERED, and ADJUDGED by the Court that the Punishment and Place of confinement that was rendered on June 25, 2015 by this Court, but which was not then correctly entered upon the minutes of this Court, be now correctly entered upon the minutes of this Court, as of said named date, to wit: Three (3) years in the Texas Department of Criminal Justice—Institutional Division, instead of Forty (40) Days Nueces County Jail.

Gonzalez filed a timely "Motion for New Trial and Objection to Nunc Pro Tunc" requesting that the trial court "order a new sentence in accord with the original judgment of the Court." Gonzalez argued that the written judgment controlled over the trial court's initial oral pronouncement of a three-year sentence and that "the original judgment that sentenced him to forty days in jail was not the result of clerical error." Following a hearing, the trial court signed an order granting Gonzalez's motion for new trial, which reduced his sentence to forty days in the county jail. The State now appeals.[1] *See id.* art. 44.01(a)(3), (b).

## II. MOTION FOR NEW TRIAL

The State argues that the trial court abused its discretion in granting Gonzalez's

---

[1] Gonzalez did not file an appellee's brief.

motion for new trial. Specifically, the State maintains that the trial court's earlier oral pronouncement of a three-year sentence controls over the written judgment which provided for a forty-day sentence. Therefore, the State argues that the trial court's order was not supported by a valid legal ground. Relatedly, the State argues that the forty-day sentence falls outside the statutory punishment range for a third-degree felony; therefore, the sentence is illegal. We will address both arguments together.

## A.     Standard of Review

We review the trial court's ruling granting a motion for new trial under an abuse of discretion standard. *State v. Thomas*, 428 S.W.3d 99, 103 (Tex. Crim. App. 2014). We view the evidence in the light most favorable to the trial court's ruling, defer to its credibility determinations, and presume that all reasonable fact findings in support of the ruling have been made. *Id*. A trial court abuses its discretion when it acts without reference to any guiding rules or principles. *Id*.

A trial court generally has authority to grant a new trial "in the interest of justice." *See State v. Herndon*, 215 S.W.3d 901, 906 (Tex. Crim. App. 2007). But its discretion to do so is not unbounded; "justice" means in accordance with the law. *See id*. at 907. As such, the trial court cannot grant a new trial unless the defendant shows that he is entitled to one under the law. *Thomas*, 428 S.W.3d at 103. "A trial court abuses its discretion if it grants a new trial for a non-legal or a legally invalid reason." *Id*. at 104.

## B.     Analysis

Gonzalez argued in his motion for new trial that he should be sentenced to forty days in the county jail because the written judgment controlled over the trial court's oral

pronouncement of a three-year sentence. The State argues that this is not a proper basis for granting the motion for new trial. We agree with the State.

A defendant's sentence must be pronounced orally in his presence. *Taylor v. State*, 131 S.W.3d 497, 500 (Tex. Crim. App. 2004). The judgment, including the sentence assessed, is the written declaration and embodiment of that oral pronouncement. *Id*. When the oral pronouncement of sentence and the written judgment vary, the oral pronouncement controls. *Id*.; *see Ette v. State*, 559 S.W.3d 511, 516 (Tex. Crim. App. 2018) (reaffirming this rule but noting an exception where the trial court's oral pronouncement conflicts with the jury's lawful verdict that has been read aloud in the defendant's presence). The rationale for this rule has been explained as follows:

> [A] trial court does not have the statutory authority to impose one sentence orally to the defendant and then, at some later date, enter a different, greater or lesser, sentence in his written judgment outside the defendant's or State's presence. Such a system would create havoc: a trial judge could orally pronounce sentence in open court while the defendant and his family and friends, a possible victim and his family and friends, and the prosecutor are all present, then later modify, alter, or amend that sentence when no one else was present to object . . . . Such a system would be unfair to both parties and to society at large.

*State v. Davis*, 349 S.W.3d 535, 539 (Tex. Crim. App. 2011) (quoting *McClinton v. State*, 121 S.W.3d 768, 770–71 (Tex. Crim. App. 2003) (Cochran, J., concurring)) (alterations in original). Here, the trial court's oral pronouncement of a three-year prison sentence following Gonzalez's guilty plea controls over the conflicting written judgment. Normally, this would end our analysis of a sentencing variance issue. But in the context of probation revocation, a trial court maintains authority to reduce a defendant's original sentence under certain conditions. Upon revocation, a trial court may either impose the sentence

originally assessed, or:

> if the judge determines that the best interests of society and the defendant would be served by a shorter term of confinement, reduce the term of confinement originally assessed to any term of confinement not less than the minimum prescribed for the offense of which the defendant was convicted.

TEX. CODE CRIM. PROC. ANN. art. 42A.755(a). The trial court reduced Gonzalez's sentence to two years when it revoked his community supervision. Its actions were permissible insofar as the sentence was not less than the minimum prescribed for a third-degree felony. *See* TEX. PENAL CODE ANN. § 12.34 ("An individual adjudged guilty of a felony of the third degree shall be punished by imprisonment in the Texas Department of Criminal Justice for any term of not more than 10 years or less than 2 years."). But the trial court was not authorized by statute to further reduce Gonzalez's sentence to a term less than two years. And its decision to do so was based on a legally invalid reason—its belief that the forty-day sentence in the written judgment was controlling.[2] *See Thomas*, 428 S.W.3d at 104. Therefore, we conclude that the trial court abused its discretion. *See id*. at 103.

We must further address the impact of a sentence that is less than the statutory minimum. A sentence that is outside the range of punishment authorized by law is considered illegal. *Ex parte Pue*, 552 S.W.3d 226, 228 (Tex. Crim. App. 2018); *Ex parte Parrott*, 396 S.W.3d 531, 534 (Tex. Crim. App. 2013); *Garcia v. State*, 549 S.W.3d 335,

---

[2] We also note that Gonzalez's motion for new trial could be read as implicitly arguing that his guilty plea was involuntary because the trial court's three-year sentence did not conform to the plea-bargain agreement. However, the Texas Court of Criminal Appeals has "long held that a defendant placed on 'regular' community supervision may raise issues relating to the conviction . . . only in appeals when community supervision is originally imposed." *Manuel v. State*, 994 S.W.2d 658, 661 (Tex. Crim. App. 1999); *see Pizana v. State*, 398 S.W.3d 728, 730 (Tex. App.—San Antonio 2009, no pet.). This procedural bar extends to claims concerning the voluntariness of a plea. *See Arreola v. State,* 207 S.W.3d 387, 390 (Tex. App.—Houston [1st Dist.] 2006, no pet.). Therefore, such an argument would not provide a legal basis for granting a motion for new trial.

340 (Tex. App.—Eastland 2018, pet. ref'd). An illegal sentence "has no legal effect" and is considered void. *Mizell v. State*, 119 S.W.3d 804, 806 (Tex. Crim. App. 2003). We lack authority to reform a void sentence. *See id.*; *Baker v. State*, 278 S.W.3d 923, 925–26 (Tex. App.—Houston [14th Dist.] 2009, pet. ref'd); *see also Farias v. State*, 426 S.W.3d 198, 200 (Tex. App.—Houston [1st Dist.] 2012, pet. ref'd) ("If a sentence is void because it is below the minimum sentencing range, an appellate court has no authority to reform the judgment."). Therefore, we must remand the case to the trial court for reassessment of punishment in accordance with article 42A.755(a) of the code of criminal procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 42A.755(a); *State v. Davis*, 349 S.W.3d 535, 540 (Tex. Crim. App. 2011); *Lombardo v. State*, 524 S.W.3d 808, 816–17 (Tex. App.—Houston [14th Dist.] 2017, no pet.).

For the foregoing reasons, we sustain the State's appellate issues.

### III.  CONCLUSION

We reverse the trial court's order granting a new trial and remand the case for further proceedings consistent with this memorandum opinion. We dismiss any pending motions as moot.

LETICIA HINOJOSA
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
6th day of February, 2020.

7