

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. PD-0042-11

### THE STATE OF TEXAS

### v.

### CALEB DAVIS, Appellee

### ON STATE'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE FOURTH COURT OF APPEALS
### BEXAR COUNTY

**HERVEY, J., delivered the opinion for a unanimous Court. ALCALA, J., filed a concurring opinion.**

## O P I N I O N

Appellee pled guilty to burglary of a habitation with intent to commit aggravated

assault and was sentenced to 15 years in prison on September 14, 2009.[1] Appellee

subsequently filed a Motion for Reconsideration or Reduction of Sentence. On October

16, 2009, the trial court granted Appellee's motion, without a hearing, and reduced the

---

[1]Appellee entered into a plea agreement with the State, which included a recommendation that punishment be capped at a maximum of 18 years.

sentence to 12 years' confinement. Three days later, the trial court signed a second judgment reducing Appellee's punishment to 12 years' confinement. There is no record of an oral pronouncement of the modified sentence in the presence of all of the parties.

The State appealed, arguing in part that the trial court's second judgment was void because the sentence was not pronounced in open court with the parties present. The San Antonio Court of Appeals disagreed. *State v. Davis*, 335 S.W.3d 252 (Tex. App.—San Antonio 2010). The court primarily relied on our holding in *Ex parte Madding* "that the absence of the defendant at the time the trial court modifies a sentence does not result in a void judgment." *Id.* at 254 (citing *Ex parte Madding*, 70 S.W.3d 131, 136 (Tex. Crim. App. 2002)). The court also pointed out that the State was not arguing "that its due process rights were violated" by the modification procedure and that the State would not have standing to assert a violation of Appellee's due process rights. *Id.* at 253-55. Consequently, the court of appeals observed the plenary power of a trial court to modify its sentence if such a motion is timely filed, and construing Appellee's motion for reconsideration or reduction of sentence as a motion for new trial, it affirmed the trial court's order reducing Appellee's sentence.

Justice Hilbig dissented. *Id.* at *7-10 (Hilbig, J., dissenting). He agreed with the majority that the trial judge had authority to set aside its original judgment. *Id.* at *7. However, he believed that Appellee was not properly sentenced because the new sentence was not pronounced in the presence of the defendant, his attorney, and the State. *Id.* at

*9-10. Thus, he asserted that "the case should be remanded to the trial court for the proper imposition of sentence." *Id.* at *10.

We granted the State's petition for discretionary review to determine whether the court of appeals erred in holding that the trial court had authority to grant a motion for reconsideration or reduction of sentence and modify the original sentence without a hearing and outside the presence of the parties. We agree with Justice Hilbig's conclusion and will reverse the judgment of the court of appeals.

A trial court retains plenary power to modify its sentence if a motion for new trial is filed within 30 days of sentencing. *State v. Aguilera*, 165 S.W.3d 695, 697-98 (Tex. Crim. App. 2005) (citing Tex. R. App. P. 21.4). The Texas Rules of Appellate Procedure currently permit a trial court to grant a new trial ("the rehearing of a criminal action after the trial court has, on the defendant's motion, set aside a finding or verdict of guilt")[2] or a new trial on punishment ("a new hearing of the punishment stage of a criminal action after the trial court has, on the defendant's motion, set aside an assessment of punishment without setting aside a finding or verdict of guilt").[3] Rule 21.9 explains that "[g]ranting a new trial restores the case to its position before the former trial, including, at any party's option, arraignment or pretrial proceedings initiated by that party." Tex. R. App. P. 21.9(b). In contrast, "[g]ranting a new trial on punishment restores the case to its position

[2]Tex. R. App. P. 21.1(a).

[3]Tex. R. App. P. 21.1(b).

after the defendant was found guilty"; that is, it places the parties back in the position of proceeding to sentencing. Tex. R. App. P. 21.9(c).

While we have previously held that a trial court may not grant a new trial solely on the issue of punishment, the reasoning for that rule no longer stands, and a trial court may indeed grant a new trial on punishment. Previously, a reading of Texas Rule of Appellate Procedure 21 (or its predecessors, Rules 31 and 32) in conjunction with Article 44.29(b) of the Texas Code of Criminal Procedure made it clear that a trial court could not grant a new trial solely on the issue of punishment. *State v. Hight*, 907 S.W.2d 845, 846-47 (Tex. Crim. App. 1995); *State v. Bates*, 889 S.W.2d 306, 310-11 (Tex. Crim. App. 1994). At that time, Rule 21 referred to "new trial" but omitted any mention to a "new trial on punishment." Further, Rule 21 explained that the effect of granting a new trial was to "restore[] the case to its position before the former trial," which would not be consistent with the consequences of granting a new trial on punishment. *Hight*, 907 S.W.2d at 846; *Bates*, 889 S.W.2d at 310. Article 44.29(b)[4] permitted a new trial on punishment to be granted, but the trial court was not among the courts listed which could do so. *Hight*, 907 S.W.2d at 846; *Bates*, 889 S.W.2d at 310-11.

Rule 21 was amended, effective January 1, 2007. Among the amendments were

---

[4]Article 44.29(b) read in pertinent part, "If the court of appeals or the Court of Criminal Appeals awards a new trial to a defendant . . . only on the basis of an error or errors made in the punishment stage of the trial, the cause shall stand as it would have stood in case the new trial had been granted by the court below except that the court shall commence the new trial as if a finding of guilt had been returned and proceed to the punishment stage of the trial under Subsection (b), Section 2, Article 37.07 of this code."

the introduction of a definition for "new trial on punishment," which specifically refers to the action of the trial court and the requirement that, when an error affected only punishment, trial courts are to grant a new trial on punishment only. Tex. R. App. P. 21.1(b). Although Article 44.29(b) still does not explicitly authorize trial courts to grant new trials only as to punishment, it does not prohibit them from doing so. TEX. CODE CRIM. PROC. art. 44.29(b). The statute speaks only to the authority of the appellate courts. *See State v. Stewart*, 282 S.W.3d 729, 740-41 (Tex. App.—Austin 2009, no pet.). Article 44.29(b) does not limit the impact of Rule 21 here. Thus, following the 2007 amendments, trial courts have the authority to grant a new trial on punishment.

If a trial court's order is functionally indistinguishable from the granting of a motion for new trial, a reviewing court can look past the label given to it and treat it as an order granting the motion for new trial. For example, in *State v. Savage*, 933 S.W.2d 497, 499 (Tex. Crim. App. 1996), we ruled that the trial court's order granting a motion for judgment *non obstante verdicto* was functionally equivalent to the grant of a new trial for insufficient evidence because it accomplished the same outcome; both essentially resulted in an acquittal under the circumstances. Similarly, in *State v. Evans*, 843 S.W.2d 576, 577-78 (Tex. Crim. App. 1992), we determined that an order granting a motion to withdraw or reconsider the plea should more aptly have been called an order granting a new trial because it returned the case to the posture it had been in before the plea was accepted.

In this case, although Appellee's motion was entitled "Motion for Reconsideration or Reduction of Sentence," the order granting the motion is functionally indistinguishable from the granting of a new trial on punishment. The trial court's order reduced and reformed Appellee's sentence to a term of twelve years but left Appellee's plea unchanged. A guilty plea results in "a 'unitary trial' to determine the remaining issue of punishment." *Carroll v. State*, 975 S.W.2d 630, 631 (Tex. Crim. App. 1998). So by granting Appellee's motion, the trial court placed the parties in the position of proceeding to sentencing, meaning the actual effect of the trial court's order granting Appellee's motion was to grant a new trial on punishment. *See* Tex. R. App. P. 21.9(c).

Because Appellee's motion was timely filed[5] and the actual effect of the trial court's order granting that motion was functionally equivalent to granting a new trial on punishment, we agree with the court of appeals that the trial court had the authority to set aside Appellee's original sentence and that the modified judgment of the trial court is not void. The problem, however, lies in the way that the modified judgment was rendered.

The Texas Code of Criminal Procedure provides that, in a felony case, the sentence must be pronounced in the presence of the defendant. TEX. CODE CRIM. PROC.

---

[5]The court of appeals explained that "the file stamp on the motion for reconsideration or reduction of sentence contained in a supplemental clerk's record ordered by this court reflects that the motion was filed on October 6, 2009, within thirty days of the date the original sentence was imposed." *Davis*, 335. S.W.3d at 253.

art. 42.03 § 1(a).[6]  Our caselaw has established that the State must also be present on such an occasion.  In *Madding*, we held that "[w]hen the oral pronouncement of the sentence and the written judgment vary, the oral pronouncement controls" because "the written sentence or order simply memorializes" the oral pronouncement.[7]  *Madding*, 70 S.W.3d at 135 (citing *Coffey v. State*, 979 S.W.2d 326, 328 (Tex. Crim. App. 1998)).  Importantly, we explained that "[t]he rationale for this rule is that the imposition of sentence is the crucial moment when *all of the parties* are physically present at the sentencing hearing and able to hear and respond to the imposition of sentence."  *Id.* (emphasis added).  Later, in *State v. Aguilera*, we again emphasized the importance of the parties' physical presence—when a trial court modifies a sentence upon the timely filing of a motion for a new trial, "re-sentencing must be done in the presence of the defendant, his attorney, and counsel for the state."  *Aguilera*, 165 S.W.3d at 697-98.

In *McClinton v. State*, 121 S.W.3d 768 (Tex. Crim. App. 2003), the trial court modified the defendant's sentence without any indication that either party filed a motion for the modification and without the presence of the State.  We decided in that case that our decision to grant review was improvident, so we did not reach the issue.  *Id.* at 768-

---

[6]We note that there are limited circumstances in which the judgment and sentence of a felony case may be rendered in the absence of the defendant.  TEX. CODE CRIM. PROC. art. 42.14(b).

[7]In *Madding*, we determined that a written judgment pronouncing consecutive sentences, which followed 52 days after the oral judgment pronouncing concurrent sentences, violated the defendant's due process rights.  *Madding*, 70 S.W.3d at 136-37.  We did not hold, however, that the written judgment was void.  *Id.*

We agree, however, with the concurring opinion of Judge Cochran. She stated, "A trial court has the inherent authority to alter, modify, or vacate its rulings, but it does not have the inherent authority to alter, modify, or vacate a sentence imposed in open court without statutory authorization and *without the presence of the parties*." *Id.* at 771 (Cochran, J., concurring) (emphasis added). Judge Cochran explained,

> [A] trial court does not have the statutory authority to impose one sentence orally to the defendant and then, at some later date, enter a different, greater or lesser, sentence in his written judgment outside the defendant's or State's presence. Such a system would create havoc: a trial judge could orally pronounce sentence in open court while the defendant and his family and friends, a possible victim and his family and friends, and the prosecutor are all present, then later modify, alter, or amend that sentence when no one else was present to object. . . . Such a system would be unfair to both parties and to society at large. Such a system would inject an intolerable level of uncertainty into the sentencing process and would prevent any sentence from becoming "final" until the trial court's plenary authority had expired.

*Id.* at 770-71.

We believe that the requirement of the State's presence is particularly evident when viewed in the context of Texas Rule of Appellate Procedure 21.9, discussing the consequences of granting a new trial. That rule includes references to the "State"[8] and "any party's"[9] and thereby signifies the importance of the State's participation in the re-sentencing process so that the State receives notice and has an appropriate opportunity to respond.

---

[8] Tex. R. App. P. 21.9(c).

[9] Tex. R. App. P. 21.9(b).

Here, there is nothing in the record to indicate that this new or modified sentence was orally pronounced in the presence of all of the parties. The record contains the initial judgment, followed by a motion for reconsideration. Attached to that motion are a certificate of service, indicating notice to the State of the filing, as well as an order for a setting. An order for a setting typically indicates that a hearing on the motion is to be held, but in this case, it was left completely blank. Then, we find the order granting the motion and the modified judgment. While a modified judgment contains language indicating the parties that appeared, it does not mention a hearing. In fact, this modified judgment appears to be an exact copy of the first judgment with the reduction in sentence from 15 to 12 years; it even reflects the date of the original punishment hearing, September 14, 2009. The docket sheet does not reflect any hearing on Appellee's motion.[10]

Because the new or modified sentence was not orally pronounced, the trial court's procedure for imposing that sentence was contrary to the Texas Code of Criminal Procedure and our caselaw. Without an oral pronouncement, the State was not physically present at the sentencing and, thus, did not have the opportunity to hear or respond to the imposition of the modified sentence. Once the trial court granted Appellee's motion to reconsider, it was then required to hold a new punishment hearing in open court in the

---

[10]In his brief, Appellee appears to readily concede that there was not a hearing in the presence of all parties. In fact, his arguments focus on why a judgment is valid when not all the parties are present for its pronouncement.

presence of the parties. The court of appeals failed to address the fact that not only was the State not present to address Appellee's motion, but there was no hearing held at all. As a result, the court of appeals erred in affirming the modified judgment of the trial court.

When an appellate court finds error that affects only the punishment phase of trial, it may remand the case to the trial court for the proper assessment of punishment. TEX. CODE CRIM. PROC. art. 44.29(b). "Once the guilty plea is entered, the procedure becomes a 'unitary trial' to determine the remaining issue of punishment." *Carroll*, 975 S.W.2d at 631. The absence of an oral pronouncement of the modified sentence in the presence of all parties affected only Appellee's punishment, so the appropriate remedy in this case is to allow the plea of guilty to remain and to remand the case to the trial court for the proper assessment of punishment.[11]

Therefore, the judgment of the court of appeals is reversed, and we remand the case to the trial court for reassessment of punishment consistent with this ruling.

Hervey, J.

Delivered: October 5, 2011

Publish

---

[11]We note that the result of this case might be different if, instead of capping punishment at a maximum of 18 years, Appellee's plea agreement with the State had provided that the punishment was to be for 15 years.