



## MEMORANDUM OPINION

No. 04-11-00812-CR

Roland **DURAN**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 175th Judicial District Court, Bexar County, Texas
Trial Court No. 2010CR8301W
Honorable Mary D. Roman, Judge Presiding

Opinion by:   Catherine Stone, Chief Justice

Sitting:       Catherine Stone, Chief Justice
               Karen Angelini, Justice
               Marialyn Barnard, Justice

Delivered and Filed:  September 5, 2012

REVERSED AND REMANDED

Robert Duran appeals the trial court's judgment asserting that the trial court erred by signing a judgment imposing a sentence of two years in a state jail facility after orally pronouncing a sentence of four years confinement in the Texas Department of Criminal Justice-Institutional Division, because Duran was not present when the sentence was modified. We reverse the trial court's judgment and remand the cause to the trial court for a new punishment hearing.

**BACKGROUND**

Pursuant to a plea bargain, Robert Duran pled nolo contendere to the state jail felony of fraudulent use/possession of identifying information. Duran agreed to a punishment recommendation of two years confinement and a $1,500 fine. The trial court deferred adjudication of Duran's guilt and placed him on community supervision probation for two years.

The State subsequently filed a motion to enter adjudication of guilt and revoke community supervision. Duran pled true to violating a condition of his community supervision, and the trial court orally pronounced sentence as follows:

> THE COURT: Mr. Duran, you have been on deferred adjudication and you know that this is a Third Degree felony and the punishment range is not less than 2 not [sic] more than 10 years confinement. You know that?
>
> THE DEFENDANT: Yes, Judge.
>
> THE COURT: I assess punishment at 4 years confinement. Is there any legal reason why you should not be sentenced today?
>
> THE DEFENDANT: No, Judge.
>
> [DEFENSE COUNSEL]: No, Your Honor.
>
> THE COURT: There being no legal reason why you should not be sentenced today it's the order of this Court that you serve 4 years confinement. Credit for time served is granted.
> And you do have 30 days to file a motion for new trial or notice of appeal. You are remanded into the custody of the Sheriff of Bexar County to be transported to the Texas Department of Criminal Justice Institutional Division as soon as possible.

On October 3, 2011, the trial court signed a judgment imposing the sentence orally pronounced. On October 27, 2011, the trial court signed a second judgment imposing a sentence of "2 YRS TDCJ-SJD."

## PARTIES' CONTENTIONS

Both parties agree that the sentence orally pronounced by the trial court was an illegal sentence. The parties disagree, however, with regard to the proper remedy.

Duran contends that he is entitled to a new punishment hearing giving him the opportunity to be heard. Duran explains the importance of this opportunity to be heard in his brief as follows:

> The Defendant in this matter was not present when he was sentenced to 2 years in State Jail. State Jail time is day for day, as opposed to TDC, where parole is possible from a 4 year sentence in as little as 5 months and 21 days. The Court in this matter originally sentenced the Defendant to 40% of the possible sentence of ten years. If the Defendant were sentenced to 40% of 2 years he would be sentenced to 8 months in State Jail. Based on the appellate law in this matter, Defendant should have the opportunity to be sentenced orally in open court.

The State responds that an exception applies to the general rule requiring the trial court to announce its sentence in open court with all parties present. Under that exception, the State contends that since the orally-pronounced sentence is illegal and unenforceable, this court should enforce the legal sentence in the written judgment. The State further contends that the trial court's procedural error in failing to announce the corrected sentence in open court was harmless because Duran "has the benefit of the lower, correct sentence." The State asserts, "He is lucky, in fact, that the court corrected the initial error in the written judgment."

## DISCUSSION

Article 42.03, § 1(a) of the Texas Code of Criminal Procedure requires a sentence to be pronounced in the defendant's presence. TEX. CODE CRIM. PROC. ANN. art. 42.03, § 1(a) (West Supp. 2011). The Texas Court of Criminal Appeals most recently explored the necessity of the parties' presence when a trial court modifies a sentence in *State v. Davis*, 349 S.W.3d 535 (Tex. Crim. App. 2011). Although the issue in that case involved the necessity of the State's presence

when a sentence is modified, the court emphasized the importance of both parties' presence in such cases. The court noted that it explained in *Ex parte Madding*, 70 S.W.3d 131, 135 (Tex. Crim. App. 2002), "'[t]he rationale for this rule is that the imposition of sentence is the crucial moment when *all of the parties* are physically present at the sentencing hearing and able to hear and respond to the imposition of sentence.'" *State v. Davis*, 349 S.W.3d at 539 (quoting *Madding* and adding emphasis). The court further noted that it emphasized the "importance of the parties' physical presence" when a trial court modifies a sentence in *State v. Aguilera*, 165 S.W.3d 695, 697-98 (Tex. Crim. App. 2005), asserting "'re-sentencing must be done in the presence of the defendant, his attorney, and counsel for the state.'" *State v. Davis*, 349 S.W.3d at 539 (quoting *Aguilera*). Finally, the court agreed with Judge Cochran's concurring opinion in *McClinton v. State*, 121 S.W.3d 768, 771 (Tex. Crim. App. 2003) (Cochran, J., concurring), in which she stated, "'A trial court has inherent authority to alter, modify, or vacate its rulings, but it does not have the inherent authority to alter, modify, or vacate a sentence imposed in open court without statutory authorization and *without the presence of the parties*.'" *State v. Davis*, 349 S.W.3d at 539 (quoting *McClinton* and adding emphasis). The court further agreed with the following explanation given by Judge Cochran in *McClinton*:

> [A] trial court does not have the statutory authority to impose one sentence orally to the defendant and then, at some later date, enter a different, ***greater or lesser***, sentence in his written judgment outside the defendant's or State's presence. Such a system would create havoc: a trial judge could orally pronounce sentence in open court while the defendant and his family and friends, a possible victim and his family and friends, and the prosecutor are all present, then later modify, alter, or amend that sentence when no one else was present to object.... Such a system would be unfair to both parties and to society at large. Such a system would inject an intolerable level of uncertainty into the sentencing process and would prevent any sentence from becoming "final" until the trial court's plenary authority had expired.

*Id*. (quoting *McClinton*, 121 S.W.3d at 770-71 (Cochran, J., concurring)) (emphasis added).

In this case, as in *State v. Davis*, "there is nothing in the record to indicate that this new or modified sentence was orally pronounced in the presence of all of the parties." 349 S.W.3d at 539. "Because the new or modified sentence was not orally pronounced, the trial court's procedure for imposing that sentence was contrary to the Texas Code of Criminal Procedure and our caselaw." *Id*. at 540. "Without an oral pronouncement, [Duran] was not physically present at the sentencing and, thus, did not have the opportunity to hear or respond to the imposition of the modified sentence." *Id*.

The State cites cases finding the imposition of a modified sentence in the absence of an oral pronouncement harmless under the facts of those cases. We find the facts of those cases distinguishable from the instant case.

In a few of the cases referenced by the State that find error in failing to orally pronounce a modified sentence to be harmless, the defendant was concurrently serving other sentences that were longer than the modified sentence imposed in the case in question. *See, e.g., Epps v. State*, Nos. 05-07-00040-CR, 05-07-00041-CR & 05-07-00042-CR, 2007 WL 2446546, at * 3 (Tex. App.—Dallas Aug. 17, 2007, no pet.) (modified sentence changing location of confinement from erroneously pronounced state jail facility to Texas Department of Justice - Institutional Division was being served concurrently with ten-year sentence in institutional division for a second offense) (not designated for publication); *Harper v. State*, 05-03-00442-CR, 2004 WL 1738881, at *2 (Tex. App.—Dallas Aug. 4, 2004, pet. ref'd) (modified two-year sentence being served concurrently with two thirty-five year sentences, a life sentence, and a twenty-year sentence) (not designated for publication); *Ribelin v. State*, 1 S.W.3d 882, 885 (Tex. App.—Fort Worth 1999, pet. ref'd) (modified one-year sentence being served concurrently with an eight-year sentence). Because the modified sentence was shorter than and was being served concurrently with a longer

sentence, the courts in those cases concluded the defendant was not harmed. The record in the instant case does not establish that Duran was serving a second, longer sentence concurrently with the sentence imposed in the underlying case.

In another case, the court held the defendant was not harmed by the modified sentence because "the two-year sentence is, in fact, the absolute minimum term of imprisonment for a third-degree felony." *State v. Posey*, 300 S.W.3d 23, 34 (Tex. App.—Texarkana 2009), *aff'd on other grounds*, 330 S.W.3d 311 (Tex. Crim. App. 2011). The sentence in the instant case was not the absolute minimum term of imprisonment.

In one of the referenced cases in which a sentence was reduced from a twenty-year sentence to a two-year sentence, the court noted, "Because appellant's sentence was reduced substantially when punishment was reassessed, it is unlikely appellant would have objected to the new sentence." *Harper*, 2004 WL 1738881, at *2. In this case, Duran states in his brief that not only would he have objected, he sets forth the argument that he would have made to the trial court which is quoted above. Accordingly, given the facts of this case and the nature of the objection and argument Duran would have made to the trial court if not erroneously deprived of his opportunity to appear at his re-sentencing, we cannot say that the trial court's error in modifying Duran's sentence, without his being physically present and without his being given the opportunity "to hear or respond to the imposition of the modified sentence," did not affect Duran's substantial rights. *State v. Davis*, 349 S.W.3d at 540; TEX. R. APP. P. 44.2(b).

## CONCLUSION

Because Duran's substantial rights were affected by the trial court's entering a different sentence in its written judgment outside Duran's presence than the sentence orally pronounced in his presence, we reverse the trial court's judgment and remand the cause for a new punishment

hearing.  *See State v. Davis*, 349 S.W.3d at 540 (noting remand for proper assessment of punishment appropriate remedy).

                                        Catherine Stone, Chief Justice

DO NOT PUBLISH