

## NUMBER 13-12-00280-CR

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI - EDINBURG

ALEX GUSTAVO GUERRERO,                        **Appellant,**

**v.**

THE STATE OF TEXAS,                              **Appellee.**

### On appeal from the 252nd District Court
### of Jefferson County, Texas.

## MEMORANDUM OPINION[1]

### Before Chief Justice Valdez and Justices Rodriguez and Longoria
### Memorandum Opinion by Justice Rodriguez

Appellant Alex Gustavo Guerrero pleaded guilty to burglary of a habitation. *See* TEX. PENAL CODE ANN. § 30.02(a)(1)(c)(2) (West 2011). The trial court deferred adjudication, placed appellant on unadjudicated probation for five years, and assessed a

---

[1] This case is before this Court on transfer from the Ninth Court of Appeals in Beaumont pursuant to an order issued by the Supreme Court of Texas. *See* TEX. GOV'T CODE ANN. § 73.001 (West 2005).

$500.00 fine. The State subsequently filed a motion to revoke. At the revocation hearing, appellant entered a plea of true to an allegation that he violated the terms of his probation by committing an aggravated robbery. At the conclusion of the hearing, the trial court found the allegation to be true, revoked appellant's unadjudicated probation, found him guilty, and assessed punishment as confinement in the Institutional Division of the Texas Department of Criminal Justice for twenty years. The trial court did not orally assess a fine after finding appellant guilty. By three issues, appellant complains that the trial court erred when it included a $500.00 fine in the written judgment, a fine that was not orally pronounced in his presence after guilt was adjudicated. We affirm, as modified.

The record confirms that the trial court omitted the $500.00 fine when it orally pronounced Guerrero's sentence. The State concedes that, although no fine is indicated in the judgment, a fine is included in the administrative fees calculation, which is referenced in the judgment. The State further concedes that the trial court did not mention a fine in the oral pronouncement of appellant's sentence.

"'When the oral pronouncement of the sentence and the written judgment vary, the oral pronouncement controls' because 'the written sentence or order simply memorializes' the oral pronouncement." *State v. Davis*, 349 S.W.3d 535, 538 (Tex. Crim. App. 2011) (quoting *Ex Parte Madding*, 70 S.W. 3d 131, 135 (Tex. Crim. App. 2002)); *see Taylor v. State*, 131 S.W.3d 497, 502 (Tex. Crim. App. 2004) ("When an accused receives deferred adjudication, no sentence is imposed. Then, when guilt is adjudicated, the order adjudicating guilt sets aside the order deferring adjudication, including the previously imposed fine."). A defendant has the right to have his sentence, including the assessment of any fines, pronounced in his presence, and the judgment

2

should be modified to delete a fine that is not pronounced in this manner. *See* TEX. CODE CRIM. PROC. ANN. art. 42.03, § 1(a) (West Supp. 2011); *Taylor*, 131 S.W.3d at 502; *Abron v. State*, 997 S.W. 2d 281, 282 (Tex. App.—Dallas 1998, pet. ref'd).

An intermediate appellate court may reform a trial court's judgment to make the record speak the truth when it has the necessary data and information to do so. *See* TEX. R. APP. P. 43.2(b) ("The court of appeals may . . . modify the trial court's judgment and affirm it as modified."); *see Taylor*, 131 S.W.3d at 502 ("Since the judge did not orally assess a fine as part of Taylor's sentence when guilt was adjudicated [at the hearing on the motion to revoke his deferred adjudication], the Court of Appeals was correct to delete the fine from the judgment."); *Alexander v. State*, 301 S.W.3d 361 (Tex. App.—Fort Worth, 2009 no pet.) (reforming the judgment to delete the amount of restitution that was not orally pronounced after appellant's deferred adjudication was revoked and his guilt was adjudicated). Accordingly, we sustain Guerrero's first, second, and third issues, and we modify the trial court's judgment to delete the $500.00 fine that was included in the administrative fees calculation.

Accordingly, we affirm the judgment, as modified.

NELDA V. RODRIGUEZ
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the 24th
day of January, 2013.