

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-12-00516-CR

ELOY ALEJANDRO DAVILA, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 286th District Court
Hockley County, Texas
Trial Court No. 12-07-7609, Honorable Pat Phelan, Presiding

August 30, 2013

## MEMORANDUM OPINION

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

Appellant, Eloy Alejandro Davila, appeals his convictions for two counts of aggravated sexual assault and resulting punishment of 40 years' incarceration in the Institutional Division of the Texas Department of Criminal Justice (ID-TDCJ) on each count.[1]  Through a single issue, appellant contends the trial court committed reversible

---

[1] See TEX. PENAL CODE ANN. § 22.021(a)(1)(B)(i) as to Count I and (ii) as to Count II  (West Supp. 2012).

error when it failed to obtain a waiver of jury trial pursuant to article 1.13 of the Texas Code of Criminal Procedure. We will affirm.

## Factual and Procedural Background

Inasmuch as appellant does not contest the evidentiary support for the jury's verdicts, we will address only those facts necessary for our decision. Prior to jury selection, appellant advised the trial court that he had decided to enter pleas of guilty before the jury to the offenses alleged against him. The jury panel was examined, and a jury was selected. After the jury was impaneled, appellant entered pleas of guilty to both counts of the indictment. The jury was retired, and appellant was admonished regarding the consequences of entering pleas of guilty to the charges. The record reflects that appellant was not admonished regarding a waiver of a jury trial, nor is there any written waiver in the record. After the admonishments, appellant entered his pleas of guilty to both counts of the indictment. The jury was returned to the courtroom and informed of appellant's pleas of guilty, and the jury received the evidence on the issue of punishment. Following the presentation of the evidence, the jury heard final argument and began deliberating punishment. Subsequently, the jury returned verdicts of 40 years confinement in the ID-TDCJ on each charge. Thereafter, the State moved that the trial court order the sentences to be served consecutively, which the court granted. Appellant subsequently gave notice of appeal.

Appellant now brings forth a single issue by which he contends that the trial court erred by not receiving a written waiver of trial by jury in accordance with article 1.13 of

2

the Texas Code of Criminal Procedure. <u>See</u> TEX. CODE CRIM. PROC. art. 1.13 (West Supp. 2012).[2] For the reason expressed herein, we disagree and will affirm.

Analysis

Appellant's contention is grounded upon the belief that his statutory rights under article 1.13 of the Texas Code of Criminal Procedure were violated when the trial court allowed him to plead guilty to the instant offenses without executing a waiver of jury trial or admonishing appellant on the record regarding his waiver of a jury trial. Art. 1.13. Appellant's point would be well-taken if not for the fact that the record demonstrates that a jury was selected and appellant then entered his plea of guilty with the issue of punishment to be decided by that jury.

Under these facts, the controlling article of the Texas Code of Criminal Procedure is article 26.14 which provides:

> Where a defendant in a case of felony persists in pleading guilty or in entering a plea of nolo contendere, if the punishment is not absolutely fixed by law, a jury shall be impaneled to assess the punishment and evidence may be heard to enable them to decide thereupon, unless the defendant in accordance with Articles 1.13 or 37.07 shall have waived his right to a trial by jury.

Art. 26.14 (West 2009). This is exactly what occurred in appellant's trial. When this procedure is followed the proceeding is converted from a bifurcated trial to a unitary proceeding. <u>See</u> <u>Carroll v. State</u>, 975 S.W.2d 630, 631 (Tex.Crim.App. 1998) (en banc) (citing <u>Thom v. State</u>, 563 S.W.2d 618, 619 (Tex.Crim.App. [Panel Op.] 1978) (holding that upon entry of a guilty plea a defendant is not entitled to a bifurcated trial)). The

---

[2] Further reference to the Texas Code of Criminal Procedure will be by reference to "art. ____," "article ____" or "Art. ____."

Texas Court of Criminal Appeals has continued to follow this procedure. <u>See</u> <u>In re State ex rel. Tharp</u>, 393 S.W.3d 751, 757 (Tex.Crim.App. 2012); <u>State v. Davis</u>, 349 S.W.3d 535, 538 (Tex.Crim.App. 2011). As such, the requirements of article 26.14 control and, since appellant, in this case, did not waive his right to have the jury decide punishment, the trial court committed no error. Appellant received exactly what he requested: a jury trial on the issue of punishment. Appellant's issue is without merit and is overruled.

Conclusion

Having overruled appellant's single issue, we affirm the trial court's judgment.


Mackey K. Hancock
Justice


Do not publish.