

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

---

No. 06-12-00178-CR

---

JOHNNY RAY MOORE, Appellant

V.

THE STATE OF TEXAS, Appellee

---

On Appeal from the 5th District Court
Bowie County, Texas
Trial Court No. 12F113-005

---

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Chief Justice Morriss

MEMORANDUM OPINION

After Johnny Ray Moore's trial attorney erroneously advised him that the trial court could not "stack" the sentences on the two counts of aggravated sexual assault of a child under fourteen years of age, enhanced by a prior felony conviction, Moore pled guilty on the two charges and asked a jury to assess his punishment. *See* TEX. PENAL CODE ANN. §§ 12.42, 22.021 (West Supp. 2012). The jury assessed life sentences on each of the charges. The trial court sentenced Moore accordingly but, to Moore's surprise, stacked the sentences. In his motion for new trial, Moore claimed ineffective assistance of counsel. At the hearing on Moore's motion for new trial, Moore's trial counsel admitted to the erroneous advice. As a result, the trial court modified the sentencing so the sentences will be served concurrently, not consecutively.[1]

Moore's attorney on appeal has filed a brief which discusses the record and reviews the proceedings in detail. He has set up several potential arguments, and then explains in detail why each fails to show a reversible error. Counsel has thus provided a professional evaluation of the record demonstrating why, in effect, there are no arguable grounds to be advanced. This meets the requirements of *Anders v. California*, 386 U.S. 738 (1967); *In re Schulman*, 252 S.W.3d 403,

---

[1]The trial court stated that it was denying Moore's motion for new trial but granting the State's motion to modify the sentence. A trial court may not grant a new trial on its own motion or the motion of the State. *State v. Moore*, 225 S.W.3d 556, 567 (Tex. Crim. App. 2007). A trial court may resentence a defendant only pursuant to a timely motion by the defense or, when the sentence is assessed by the court, if the modification is made on the same day as the assessment of the initial sentence and before the court adjourns for the day. *Cook v. State*, 390 S.W.3d 363, 372 n.26 (Tex. Crim. App. 2013); *State v. Aguilera*, 165 S.W.3d 695, 698 (Tex. Crim. App. 2005). We are authorized to "look past the label" if the order is "functionally indistinguishable from the granting of a motion for new trial." *State v. Davis*, 349 S.W.3d 535, 538 (Tex. Crim. App. 2011). The order in this case is the functional equivalent of a partial grant of Moore's motion for new trial. Further, the second oral pronouncement occurred in the presence of Moore, Moore's counsel, and the counsel representing the State. *See id.*; *Aguilera*, 165 S.W.3d at 698 ("The re-sentencing must be done in the presence of the defendant, his attorney, and counsel for the state.").

406 (Tex. Crim. App. 2008); *Stafford v. State*, 813 S.W.2d 503 (Tex. Crim. App. 1981); *High v. State*, 573 S.W.2d 807, 812–13 (Tex. Crim. App. [Panel Op.] 1978).

Counsel mailed a copy of the brief to Moore May 2, 2013, informing Moore of his right to file a pro se response and to review the record. Counsel has also filed a motion with this Court seeking to withdraw as counsel in this appeal. Although we granted one extension until August 7, 2013, Moore has neither filed a pro se response nor requested an additional extension of time in which to file such response.

We have determined that this appeal is wholly frivolous. We have independently reviewed the entire record and find no arguable issues. *See Halbert v. Michigan*, 545 U.S. 605, 623 (2005). Therefore, we agree with counsel's assessment that no arguable issues support an appeal. *Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005).

We affirm the judgment of the trial court.[2]


Josh R. Morriss, III
Chief Justice


Date Submitted:     September 11, 2013
Date Decided:       September 12, 2013

Do Not Publish

---

[2]Since we agree this case presents no reversible error, we also, in accordance with *Anders*, grant counsel's request to withdraw from further representation of appellant in this case. *Anders*, 386 U.S. at 744. No substitute counsel will be appointed. Should appellant wish to seek further review of this case by the Texas Court of Criminal Appeals, appellant must either retain an attorney to file a petition for discretionary review or appellant must file a pro se petition for discretionary review. Any petition for discretionary review must be filed within thirty days from either the date of this opinion or the date on which the last timely motion for rehearing or for en banc reconsideration was overruled by this Court. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed with the clerk of the Texas Court of Criminal Appeals. *See* TEX. R. APP. P. 68.3. Any petition for discretionary review should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 68.4.