**AFFIRM in part, VACATE in part, and REMAND; Opinion Filed October 7, 2013.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

————————————————————

## No. 05-09-00116-CR

————————————————————

**LEMUEL CARL BURT, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

═══════════════════════════════════════════════════════════

**On Appeal from the Criminal District Court No. 7**
**Dallas County, Texas**
**Trial Court Cause No. F07-01438-Y**

═══════════════════════════════════════════════════════════

# OPINION ON REMAND

Before Justices Moseley, Lang-Miers, and Lewis
Opinion By Justice Lang-Miers

A jury convicted Lemuel Carl Burt of misapplication of fiduciary property and assessed his punishment at 14 years' incarceration and a $10,000 fine. The written judgment included an order to pay restitution. Appellant appealed the conviction and in five issues argued that the evidence was insufficient to support the conviction, the trial court erred by denying his motion to suppress evidence, and the restitution order was invalid because it was not orally pronounced in his presence and because it included amounts to victims not named in the indictment. For the following reasons, we vacate the restitution order and remand the case to the trial court for reassessment of restitution. We otherwise affirm the trial court's judgment.

BACKGROUND

We provided a detailed recitation of the facts in this case in our opinion on original submission and do not recount them here. *Burt v. State*, No. 05-09-00116-CR, 2011 WL 3211249, at \*1–3 (Tex. App.—Dallas July 29, 2011) (not designated for publication), *rev'd in part*, 396 S.W.3d 574 (Tex. Crim. App. 2013). A jury convicted appellant of operating a Ponzi scheme involving real estate and defrauding investors of hundreds of thousands of dollars. At the end of closing arguments in the punishment phase of trial, and after the jury had been retired to consider punishment, the trial court, in appellant's presence, asked the State to prepare a proposed order of restitution with a memorandum to support the amount. The court stated, "You can rely on everything that was introduced in the case. We don't need to have a hearing on it as far as an evidentiary hearing, but if y'all can't come up with an agreed figure, then we will have to have a hearing on it at some point in the future, okay? And the sooner, the better."

The jury returned its punishment verdict, and the court accepted the verdict, dismissed the jury, and orally pronounced appellant guilty and assessed his punishment in accordance with the jury's verdict. The court reminded the parties that "[t]he sooner we can get that restitution matter taken care of, the better." The court's docket sheet contains an entry showing that the next day the trial court ordered restitution in the amount of $591,785. The court also signed the judgment that same day and attached documents to the judgment supporting the restitution amount. The record did not reflect that the trial court held a hearing on the restitution amount, that the parties agreed to the restitution amount, or that the restitution order was orally pronounced in appellant's or the State's presence.

On original submission, we concluded that the evidence supported the conviction and that the trial court did not err by denying appellant's motion to suppress. As a result, we resolved appellant's first three issues against him. *Burt*, 2011 WL 3211249, at \*4–9. With regard to issues

four and five concerning the restitution order, we concluded that appellant had not preserved those issues for review and declined to consider the merits of those issues. *Id.* at \*9–10.

Appellant filed a petition for discretionary review challenging our decision on issues four and five regarding the restitution order. The Texas Court of Criminal Appeals granted the petition and concluded that appellant did not have an opportunity to object to the inclusion of restitution in the written judgment and, as a result, did not forfeit his right to appeal the restitution order. *Burt*, 396 S.W.3d at 578–79. The court reversed our judgment and remanded the restitution matter to us for consideration of the merits of appellant's issues. *Id*. at 579. The court's judgment, however, did not limit the reversal of our judgment to the restitution matter, and, instead, reversed our judgment in its entirety. Accordingly, we adopt our analysis and conclusions on original submission on issues one, two, and three regarding the sufficiency of the evidence and the motion to suppress, and we affirm the trial court's judgment on those grounds. *See Burt*, 2011 WL 3211249, at \*4–10.

On remand, the parties filed supplemental briefs on issues four and five concerning the restitution order. For the following reasons, we vacate the restitution order in the trial court's judgment and remand the case for reassessment of restitution.

### DISCUSSION

In issue four, appellant argues that the judgment should be reformed to strike the restitution order because the trial court did not hold a hearing on restitution and did not impose restitution in open court. He argues that the oral pronouncement of sentence and the written judgment differ on the issue of restitution and, as a result, the oral pronouncement controls. Appellant cites decisions from the Texas Court of Criminal Appeals and from our sister courts of appeals to support his argument that the restitution order must be stricken from the judgment because the trial court did not orally pronounce restitution.

The State argues that the trial court orally pronounced that restitution would be required, but did not orally pronounce the amount of restitution. It argues that "[t]he grand total amount of restitution due in this case is not 'punishment,' . . . is not part of the sentence[,] . . . [and] a trial court is not obligated to 'pronounce' the total amount spontaneously upon receiving the jury's punishment verdict[.]" For support, the State cites our unpublished opinion in *Manning v. State*, No. 05-06-00422-CR, 2007 WL 2069623, at *1 (Tex. App.—Dallas July 20, 2007, no pet.) (not designated for publication), in which we said that "restitution is not part of the sentence" and "the trial court had no duty to orally pronounce restitution."

Even if we assume that restitution is part of the sentence and must be orally pronounced, we nevertheless would not vacate the restitution order and reform the judgment. Instead, we conclude that this case is appropriate for remand to the trial court for reassessment of restitution. *See Davis v. State*, 349 S.W.3d 535, 540 (Tex. Crim. App. 2011).

Appellant argues that remand is not appropriate and cites cases in which our sister courts of appeals deleted restitution orders and modified the judgments in those cases. But those cases are distinguishable because the trial courts did not have discussions on the record about restitution. For example, in *Scott v. State*, No. 07-12-00176-CR, 2012 WL 5060030, at *1 (Tex. App.—Amarillo Oct. 7, 2012, no pet.) (mem. op.), there was no mention of restitution during sentencing, but the written judgment contained an order to pay restitution. In that case, the State agreed restitution was improper and asked the court to reform the judgment to delete the order of restitution. *Id*. *See also Berkley v. State*, No. 07-11-0264-CR, 2012 WL 2873890, at *1 (Tex. App.—Amarillo July 13, 2012, pet. dism'd) (mem. op., not designated for publication) (trial court pronounced sentence "without any mention of restitution" and State agreed written judgment containing restitution order should be modified to delete restitution). Similarly, in *Smith v. State*, No. 12-11-00389-CR, 2012 WL 4107468, at *1 (Tex. App.—Tyler Sept. 19,

2012, no pet.) (mem. op., not designated for publication), the court of appeals *sua sponte* deleted the restitution order in the written judgment because there was "no mention of restitution" during the sentencing hearing and "the trial court did not orally order that restitution be paid[.]" And in *Henriquez v. State*, Nos. 12-11-00143-CR & 12-11-00146-CR, 2012 WL 1883753, at *4 (Tex. App.—Tyler May 23, 2012, no pet.) (mem. op., not designated for publication), the court of appeals deleted an order of restitution in the trial court's written judgment because the trial court specifically stated during the sentencing hearing that it would not order restitution.

In this case, however, it is undisputed that appellant and the State knew restitution was to be a part of the written judgment. In appellant's presence, the trial court instructed the State to prepare a memorandum regarding the amount of restitution it believed was proven. The court told the parties that a hearing on restitution would be necessary only if the State and appellant could not agree on an amount. Unlike the cases upon which appellant relies, restitution was expressly mentioned during appellant's sentencing hearing. When we find error that affects only the punishment phase of trial, we "may remand the case to the trial court for the proper assessment of punishment." *Davis*, 349 S.W.3d at 539.

In issue five, appellant alternatively argues that the restitution issue must be remanded for a hearing because the amount includes losses to victims that were not named in the indictment. Because we are remanding this case to the trial court for reassessment of restitution, we conclude that we do not need to decide this issue and that it is more appropriately decided by the trial court upon hearing.

## CONCLUSION

We vacate the restitution order in the trial court's judgment and remand the case to the trial court for reassessment of restitution. In all other respects, we affirm the trial court's judgment.

          /Elizabeth Lang-Miers/
ELIZABETH LANG-MIERS
JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2(b)

090116F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

LEMUEL CARL BURT, Appellant

No. 05-09-00116-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court No. 7, Dallas County, Texas

Trial Court Cause No. F07-01438-Y.

Opinion on Remand delivered by Justice Lang-Miers, Justices Moseley and Lewis participating.

Based on the Court's opinion of this date, we **VACATE** the restitution order in the judgment of the trial court and **REMAND** the cause for reassessment of restitution. In all other respects, we **AFFIRM** the judgment of the trial court.

Judgment entered this 7th day of October, 2013.

/Elizabeth Lang-Miers/

ELIZABETH LANG-MIERS
JUSTICE