**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-21-00271-CR**
**NO. 09-21-00272-CR**

_____

**CHADRICK EUGENE BRADLEY, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

_____

**On Appeal from the 221st District Court**
**Montgomery County, Texas**
**Trial Cause Nos. 20-01-00617-CR and 21-02-02579-CR**

_____

**MEMORANDUM OPINION**

On August 31, 2021, the trial court sentenced Chadrick Eugene Bradley in trial cause numbers 20-01-00617-CR and 21-02-02579-CR. Bradley filed notices of appeal and motions for new trial. On November 9, 2021, the trial court granted Bradley's motions for new trial as to punishment only. *See* Tex. R. App. P. 21.9(c); *see also State v. Davis*, 349 S.W.3d 535, 537 (Tex. Crim. App. 2011) (trial courts have the authority to grant new trials on punishment). We notified the parties that it

appeared Bradley's notices of appeal did not invoke our appellate jurisdiction, because the trial court granted motions for new trial within the time permitted by the Texas Rules of Appellate Procedure. We gave the parties until December 29, 2021, to file a response that showed this Court has jurisdiction over appeals of the trial court's judgments. No party filed a response.

Generally, an appeal may be taken by a defendant in a criminal case only after a final conviction. *See* Tex. R. App. P. 26.2(a) (establishing time for appeal by a defendant after a sentence is imposed in open court or the trial court signs an appealable order). The notices of appeal were timely filed, but the trial court later vacated the judgments while it retained plenary power over the judgments. *See* Tex. R. App. P. 21.8(a). Therefore, this Court lacks jurisdiction over the appeals. Accordingly, we dismiss the appeals. *See* Tex. R. App. P. 43.2(f).

APPEALS DISMISSED.

PER CURIAM

Submitted on January 11, 2022
Opinion Delivered January 12, 2022
Do Not Publish

Before Golemon, C.J., Horton and Johnson, JJ.

2