

# IN THE
# TENTH COURT OF APPEALS

### No. 10-23-00159-CR
### No. 10-23-00160-CR

**CHRISTOPHER RAY BALLARD,**

                                                                **Appellant**

 **v.**

**THE STATE OF TEXAS,**

                                                                **Appellee**

**From the 13th District Court**
**Navarro County, Texas**
**Trial Court Nos. D39834-CR**
**and D40912-CR**

## MEMORANDUM OPINION

Christopher Ray Ballard participated in a multi-jurisdiction criminal episode in which he stole drugs from small town pharmacies and sold them.  He was charged with and convicted of one count of money laundering (D39834-CR; 10-23-00159-CR) and one count of possession of a controlled substance of 400 grams or more with the intent to deliver, in a drug free zone (D40912-CR; 10-23-00160-CR) and sentenced to 16 months in

a State Jail Facility and 43 years in prison, respectively. Because the trial court erroneously failed to pronounce a modification of Ballard's sentences in Ballard's presence, but did not err in denying Ballard's motion to suppress, the trial court's judgments are affirmed in part, and reversed and remanded, in part, to the trial court to properly pronounce Ballard's sentences.

## MODIFICATION OF SENTENCE

In his first issue in each appeal, Ballard complains the trial court modified Ballard's sentences outside of Ballard's presence. Ballard does not contend the trial court changed the amount of time Ballard was to serve for each offense. Rather, Ballard complains his sentences were orally pronounced to run concurrently, that is—running at the same time, but later, the trial court modified the sentences to run consecutively, that is—one running after the other is completed. Ballard contends the trial court erred because the modifications were not pronounced in Ballard's presence.

### *Facts*

After a jury trial on guilt/innocence, the trial court assessed punishment and sentenced Ballard to 16 months in a State Jail Facility in the money laundering conviction (D39834-CR) and 43 years in prison in the possession of a controlled substance conviction (D40912-CR). On the record and in Ballard's presence, the trial court stated,

> As far as the money laundering, the Court will assess punishment at 16 months in a State jail facility and the court cost will be assessed…. Mr. Ballard, you are sentenced to 16 months in the State jail facility. You're remanded in the custody of the Sheriff who will transport you to the appropriate facility to begin serving out this sentence. *This sentence begins today.*

***

> Now, to the other cause, the Court received that verdict as well…. Sir, you are sentenced to 43 years in the Texas Department of Criminal Justice Institutional Division. You're remanded to the custody of the Sheriff who will transport you to the appropriate facility to begin serving out this sentence. *This sentence begins today.*

(Emphasis added). The judgments in each case show pre-printed language: THIS SENTENCE SHALL RUN: CONCURRENTLY.

But at some point, the word, "CONCURRENTLY," was lined out and in its place, the word, "CONSECUTIVELY," was handwritten in both judgments. In the judgment in case number D40912-CR, the date the sentence was to commence was lined out and replaced with the handwritten language, "Upon completion of Cause No. D39,834-CR." These handwritten words in both judgments were initialed, presumably by the trial court judge.

*Law*

A trial court's oral pronouncement of a sentence in open court is the sentence imposed. *McClinton v. State*, 121 S.W.3d 768, 770 (Tex. Crim. App. 2003) (Cochran, J., concurring). The written judgment is "merely the written declaration and embodiment of that oral pronouncement." *Ex parte Madding*, 70 S.W.3d 131, 135 (Tex. Crim. App. 2002). When the oral pronouncement of sentence and the written judgment vary, the oral pronouncement controls. *Id*. The rationale for this rule is that the imposition of sentence is the crucial moment when all of the parties are physically present at the sentencing hearing and able to hear and respond to the imposition of sentence. *Id*. Once he leaves the courtroom, the defendant begins serving the sentence imposed. *Id*. A trial court does not have the authority to impose one sentence orally to the defendant and then, at some

later time, enter a different, greater or lesser, sentence in his written judgment outside the defendant's or State's presence. *McClinton v. State*, 121 S.W.3d 768, 770-71 (Tex. Crim. App. 2003) (Cochran, J., concurring); *Ex parte Madding*, 70 S.W.3d 131, 136 (Tex. Crim. App. 2002). *See State v. Davis*, 349 S.W.3d 535, 539 (Tex. Crim. App. 2011).

### *Application*

The parties agree that the trial court was required to run Ballard's sentences consecutively. *See* TEX. HEALTH & SAFETY CODE § 481.134(h). *See also Williams v. State*, 253 S.W.3d 673, 678 (Tex. Crim. App. 2008) ("It is apparent from the language of this statute that a conviction for an offense listed anywhere within § 481.134 cannot run concurrently with a conviction for an offense under any other criminal statute. Just reading the statute under the auspices of common usage and grammar, 'any other criminal statute' means a criminal statute not listed within § 481.134."). The parties also agree that the trial court did not modify the sentences in open court.

The State argues, however, that a trial court retains plenary power to modify its sentence, so all is good. We agree that in certain situations the trial court may modify its sentence; however, re-sentencing must be done in the presence of the defendant, his attorney, and counsel for the State. *State v. Aguilera*, 165 S.W.3d 695, 697-98 (Tex. Crim. App. 2005). There is no record of that happening here. Thus, the trial court erred in modifying Ballard's sentences.

When an appellate court finds error that affects only the punishment phase of trial, it may remand the case to the trial court for the proper assessment of punishment. TEX. CODE CRIM. PROC. art. 44.29(b); *State v. Davis*, 349 S.W.3d 535, 540 (Tex. Crim. App. 2011).

The absence of an oral pronouncement of the modified sentences in the presence of all parties affected only Ballard's punishment; thus, the appropriate remedy is to remand the cases to the trial court for the proper assessment of punishment. *See id.*

Accordingly, Ballard's first issue is sustained.

**MOTION TO SUPPRESS**

In his second and third issues,[1] Ballard contends the trial court erred, under both Federal law (second issue) and Texas law (third issue), in denying his motion to suppress. Specifically as to both issues, Ballard contends there was no consent to search the residence where he was staying and the search warrant was invalid due to a lack of probable cause. For the reasons expressed herein, we need only discuss whether there was consent to search.

*Law*

Under the Fourth and Fourteenth Amendments, a search conducted without a warrant based on probable cause is "per se unreasonable . . . subject only to a few specifically established and well-delineated exceptions." *Meekins v. State*, 340 S.W.3d 454, 458 (Tex. Crim. App. 2011). One of those exceptions is a search conducted pursuant to the person's voluntary consent. *Sullivan v. State*, 622 S.W.3d 415, 418 (Tex. App.—Waco 2020, pet. ref'd).

A person's consent to search can be communicated to law enforcement in a variety of ways, including by words, action, or circumstantial evidence showing implied consent;

---

[1] Because these issues concern errors in the guilt/innocence phase, we will consider them despite our ruling on Ballard's first issue.

however, consent must not be coerced, by explicit or implicit means or by implied threat or covert force. *Meekins*, 340 S.W.3d at 458-59. Factors that would tend to show coercion include an officer's display of a weapon, threats, promises, deception, physical touching, or a demanding tone of voice or language. *Id*. at 464. Repeatedly asking for consent is not indicative of coercion and "mere acquiescence" may constitute a finding of consent. *Id*. at 463-64.

The legal analysis is the same in both Texas and Federal courts: voluntariness of a person's consent is a question of fact that is determined by analyzing all the circumstances of a particular situation. *Meekins*, 340 S.W.3d at 459. Because issues of consent are necessarily fact intensive, a trial court's finding of voluntariness must be accepted on appeal unless it is clearly erroneous. *Id*. at 460; *Sullivan v. State*, 622 S.W.3d 415, 419 (Tex. App.—Waco 2020, pet. ref'd). When there are no written findings explaining the factual basis for the trial judge's decision, as in this case, we imply findings of fact that support the ruling so long as the evidence supports those implied findings. *Id*.

*Facts*

In this case, Briana Cleveland, Ballard's girlfriend at the time of the search, was the sole leaseholder of the residence searched. Her mother, Latonya Collins, stayed with Cleveland at the residence as did Ballard. When police officers arrived at the residence to ask to search it, Collins was the only person at home. She would not give consent to search because it was not her residence.

Collins called Cleveland, using Collins' cell phone, and allowed Detective Girard

with the Corsicana Police Department to speak with Cleveland about searching the residence. Girard reminded Cleveland that he had been to her house before to search because of Ballard and that she had consented to that search. After placing the call with Girard on hold and speaking with her father on the other line, Cleveland decided she wanted the police to get a warrant. Girard explained to Cleveland they were investigating Ballard and if she wanted to make it easy, she could consent to the search. Girard also told her she had every right to not consent to the search. At trial, Cleveland testified she was afraid she would go to jail if she did not give her consent to search. However Girard's body cam video revealed he assured Cleveland that neither she nor her mother would be in trouble and she had nothing to worry about. He warned her that if they got a search warrant and they found any evidence that she was involved, she might be in trouble; but, he added, he did not think she had anything to worry about. Cleveland told Girard her father did not want the police to search without a warrant. But after more discussions with Girard over the phone, Cleveland said to go ahead with the search. Out of an abundance of caution, however, the police decided to get a warrant as well.

*Application*

Cleveland was not at the house when Girard asked for her consent to search. The entire conversation, which was intermittent and only a few minutes long, was conducted over a cell phone. No weapons were displayed, and Cleveland was not threatened. Cleveland even said at trial that she did not feel threatened, only pressured. There was no physical touching, and no demanding tone of voice or language was used toward

Cleveland or her mother. Simply because Girard repeated his request to search several times was not indicative of coercion.

Thus, after a review of the record, the trial court's implied finding that Cleveland voluntarily consented to the search of her house was not clearly erroneous, and thus, the denial of Ballard's motion to suppress on that basis was not error. Because the trial court did not err in denying Ballard's motion to suppress as to consent to search, we need not address whether the trial court erred in denying the motion to suppress as to the search warrant.

Ballard's second and third issues are overruled.

CONCLUSION

Having overruled Ballard's second and third issues, we affirm the trial court's judgments as to guilt/innocence. Having sustained Ballard's first issue, we reverse the judgments of the trial court as to punishment and remand the cases for the pronouncement of punishment in the presence of Ballard, his counsel, and the State.

TOM GRAY
Chief Justice

Before Chief Justice Gray,
    Justice Johnson, and
    Justice Smith
Affirmed in part and remanded in part
Opinion delivered and filed February 29, 2024
Do not publish
[CR25]
[CRPM]

