

# NUMBER 13-25-00402-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

THE STATE OF TEXAS,                                                            Appellant,

v.

ANDREW SMITH,                                                                   Appellee.

## ON APPEAL FROM THE 105TH DISTRICT COURT
## OF KLEBERG COUNTY, TEXAS

## MEMORANDUM OPINION

**Before Justices Silva, Peña, and Fonseca**
**Memorandum Opinion by Justice Fonseca**

Appellee Andrew Smith pleaded guilty to indecency with a child by sexual contact, a second-degree felony, and appellant, the State of Texas, dismissed the other six charges pending against him. *See* TEX. PENAL CODE § 21.11(a)(1), (d). After initially sentencing Smith to fourteen years' imprisonment, following Smith's motion to reconsider sentence, the trial court granted Smith's motion and resentenced him to three years. The

State appeals the trial court's resentencing as an improper abuse of discretion. We reverse and remand because the trial court erred in resentencing Smith without an oral pronouncement of sentence.

## I.   BACKGROUND

On March 24, 2023, a grand jury indicted Smith on seven charges, including the relevant charge of indecency with a child by sexual contact. These charges are all related to allegations that Smith had sexually abused a child victim on multiple occasions between July 1, 2017, and September 1, 2020. The victim eventually reported the abuse leading to Smith's arrest.

On May 1, 2025, Smith entered a guilty plea to the above-described offense. The trial court accepted Smith's plea and, following a trial on punishment, sentenced him to fourteen years' imprisonment. On May 27, 2025, Smith filed a "Motion to Reconsider Sentence" arguing that his sentence was more severe than that of another recently sentenced defendant in Nueces County[1]. The State filed a response arguing that Smith failed to articulate a proper legal basis for the trial court to grant a new trial on punishment.

Without holding a hearing on this motion, the trial court granted Smith's motion and resentenced him to three years' imprisonment. The State filed a motion for the trial court to vacate its order, arguing the order was invalid because it was not rendered orally in the presence of the parties, and that Smith's original sentence was appropriate. Smith responded to this motion arguing that disproportionality was a valid legal basis for modifying the sentence.

The trial court did not rule on the State's motion to vacate. This appeal followed.

---

[1] Nueces County is a neighboring county of Kleberg.

2

*See* TEX. CODE CRIM. PROC. art. 44.01(a)(2), (a)(3) (providing that the State is entitled to appeal an order which "arrests or modifies a judgment" or grants a new trial in a criminal case).

## II. ANALYSIS

The State appeals the trial court's judgment reducing Smith's sentence by two issues, arguing that: (1) it was an abuse of discretion absent the proper evidentiary showing and (2) the trial court failed to follow the proper procedure for modifying a sentence. Because the second issue is dispositive of the appeal, we decline to address the State's first issue.

### A. Waiver

As a preliminary matter, Smith argues that the State waived its right to appeal the trial court's grant of Smith's motion because it failed "to object to the grant of such motion." However, Smith cites no authority, and we find none, requiring the State to specifically "object" to the grant of a defendant's motion for new trial on sentencing. Smith relies on *State v. Moore* for this argument, but that matter merely held that a trial court can consider a *late-filed* motion for new trial if the State does not object to the untimeliness, which is not at issue here. *See* 225 S.W.3d 556, 557 (Tex. Crim. App. 2007). Smith's other authority, *Vidaurri v. State*, is even less relevant as it did not involve objection to a motion in any regard. *See* 49 S.W.3d 880, 885–86 (Tex. Crim. App. 2001).

The State is statutorily authorized to appeal the grant of a motion for new trial. *See* TEX. CODE CRIM. PROC. art. 44.01(a)(3). Further, the State filed a response opposing the motion in this matter. Therefore, we disagree with Smith's assertion.

3

**B.    Improper Procedure**

The Texas Court of Criminal Appeals has clarified that an order granting a motion for reconsideration of a sentence should be treated as an order granting a new trial on punishment. *See State v. Davis*, 349 S.W.3d 535, 538 (Tex. Crim. App. 2011). Following this guidance, we also treat the trial court's order in this matter as an order granting a new trial on punishment. *See id.* Because Smith's motion was timely filed after entry of the final judgment, "the trial court had the authority to set aside" the original sentence here. *See id.*

However, it is a statutory requirement that "in a felony case, the sentence must be pronounced in the presence of the defendant." *Id.* (citing TEX. CODE CRIM. PROC. art. 42.03, § 1(a)). "[T]he State must also be present on such an occasion." *Id.* Both parties must also be present for resentencing after timely filing of a motion for new trial. *Id.* at 539 (quoting *State v. Aguilera*, 165 S.W.3d 695, 697–98 (Tex. Crim. App. 2005)).

The facts of this matter track those in *Davis* as both involved the trial court granting a reduction in sentence without "an oral pronouncement of the modified sentence in the presence of all of the parties." *Id.* at 536. Thus, as in *Davis*, following grant of Smith's motion, the trial court here should have held "a new punishment hearing in open court in the presence of the parties." *Id.* at 540. It is not disputed that the trial court failed to do so in this matter. Therefore, the appropriate remedy is reversal of the trial court's judgment and remand "for the proper assessment of punishment." *Id.*; *see also Duran v. State*, No. 04-11-00812-CR, 2012 WL 3834674, at *3–4 (Tex. App.—San Antonio Sep. 5, 2012, no pet.) (mem. op., not designated for publication).

Smith concedes that remand is appropriate but only so that the trial court can orally pronounce the three-year sentence that matches the judgment. But Smith misunderstands the caselaw. The trial court's judgment imposing a three-year sentence is invalid because of the lack of oral pronouncement of the modified sentence. *See McClinton v. State*, 121 S.W.3d 768, 770–71 (Tex. Crim. App. 2003) (Cochran, J., concurring) (per curiam); *see also Davis*, 349 S.W.3d at 539. The trial court's inherent authority and plenary power to modify rulings does not create inherent authority to modify a sentence "without statutory authorization and without the presence of the parties." *Davis*, 349 S.W.3d at 539 (quoting *McClinton*, 121 S.W.3d at 771). Therefore, the trial court's judgment imposing the three-year sentence was without authority.

We sustain the State's second issue.

### III.  CONCLUSION

We reverse the trial court's judgment and remand to the trial court for further proceedings consistent with this opinion.

YSMAEL D. FONSECA
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed on the
11th day of June, 2026.