

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-24-00138-CR

The **STATE** of Texas,
Appellant

v.

Jerry **ALAQUINEZ**,
Appellee

From the 144th Judicial District Court, Bexar County, Texas
Trial Court No. 2023CR5644
Honorable Michael E. Mery, Judge Presiding

Opinion by:    Rebeca C. Martinez, Chief Justice
Concurring Opinion by: Adrian A. Spears II, Justice, joined by H. Todd McCray, Justice

Sitting:    Rebeca C. Martinez, Chief Justice
            Adrian A. Spears II, Justice
            H. Todd McCray, Justice

Delivered and Filed: March 26, 2025

REVERSED AND REMANDED

Appellee Jerry Alaquinez pled no contest to the offense of aggravated assault with a deadly weapon, and on January 10, 2024, the trial court imposed a sentence of five years' imprisonment and a $2,500.00 fine. Thereafter, Alaquinez filed a motion, which the trial court construed as a motion for a new trial on punishment. The trial court granted the motion, and the State appealed.

In a single issue, the State argues the trial court abused its discretion by granting a new trial without a legal basis. We reverse and remand for reinstatement of the January 10, 2024 judgment.

## BACKGROUND

Alaquinez was charged with the offense of aggravated assault with a deadly weapon. *See* TEX. PENAL CODE ANN. § 22.02(a)(2). Pursuant to a plea bargain, Alaquinez pled no contest. The plea bargain states that the "State opposes community supervision/deferred adjudication." During the hearing at which the trial court accepted the plea, Alaquinez stated his desire for deferred adjudication, and the State noted its opposition. The trial court ordered a presentence investigation (PSI) and a treatment alternative to incarceration program (TAIP) evaluation, and it scheduled the case for a sentencing hearing.

At the sentencing hearing, held on January 10, 2024, Alaquinez's counsel affirmed that he had reviewed the PSI report and TAIP evaluation with Alaquinez and stated, as to the PSI report, "[W]e have no objection to those recommendations if the Court decides to go ahead and put him on a deferred program."[1] The State restated its objection to deferred adjudication, "given the nature of the offense, the weapon, . . . [and] the societal concerns when these sort of arguments occur." The trial court then recounted the allegations, which involve Alaquinez pointing a loaded gun at the complainant, who is the mother of his child, threatening to kill her dog, and "cruising the neighborhood" with the loaded weapon. The trial court denied Alaquinez's application for deferred adjudication and application for community supervision, and it assessed punishment at five years' imprisonment and a $2,500.00 fine — the maximum punishment agreed to by the plea bargain. Additionally, the trial court ordered that Alaquinez have no contact with the complainant.

---

[1] The specifics of the PSI report recommendations are not in the record.

Two days later, the trial court signed a judgment of conviction in conformity with the sentence announced at the hearing.

On January 22, 2024, Alaquinez, at this point represented by a different attorney, filed a "Request for Hearing on Defendant's Motion to Reconsider Sentence and Defendant's Application for Deferred Adjudication." The filing requests that the trial court reconsider its sentence of incarceration and grant Alaquinez's request for a rehearing on his application for deferred adjudication. In support, the filing asserts: "We submit that, considering the totality of circumstances, [Alaquinez] should not be imprisoned." Further, it asserts, "Alaquinez should be resentenced to no more than probation," and gives the following reasons:

> Counsel is mindful that the Court strongly believes in the importance of sending a message to the community about offenses like the one [Alaquinez] was convicted of. We submit, though, that even before [Alaquinez] was sentenced, this message has been conveyed to the Defendant and his loving family, loud and clear. The message was that young persons who choose to engage in this conduct will be punished, but hopefully not incarcerated for five (5) years. We respectfully request that [Alaquinez] be offered an appointment to present evidence on his Application for Deferred Adjudication and the opportunity to present witnesses which never occurred.

The trial court set the matter for a hearing on February 8, 2024. At the hearing, the State argued the filing was, in effect, a motion for new trial on punishment, and the motion should be denied because it does not lay out any reasonable grounds for relief. The trial court agreed that the filing constituted a motion for new trial and asserted the court had the "total right" to reconsider the sentence within thirty days and grant a new trial if supported by "real reasons." Next, the trial court noted that the January 10, 2024 sentencing hearing was "just about argument" and that neither side "put on much." The trial court stated that it was "prepared" to grant the motion and to allow both sides to present witnesses on punishment only; the plea bargain would remain in effect.

Alaquinez's counsel then represented that Alaquinez was prepared to offer five witnesses, not including Alaquinez. Further, Alaquinez's attorney informed the court that he had contacted Alaquinez's previous counsel, who explained that the victim/complainant wrote a letter to the court. The trial court clarified that this letter likely referred to the complainant's statements in the PSI report. Alaquinez's counsel continued, describing his conversation with previous counsel:

> [DEFENSE COUNSEL]: But anyway, he did say that he felt that your attitude changed quite a bit when you read a letter, he said, quote unquote, a letter from the victim. I said, well, did you respond to that letter and he said no, he didn't.

> THE COURT: The victim stated, I can't go anywhere for fear he will find me. And then this officer spoke with the victim, I think he should get some jail time.

> [DEFENSE COUNSEL]: Yeah. Okay.

> THE COURT: It's those comments. It's not a letter. It's just —

> [DEFENSE COUNSEL]: No, I understand.

> THE COURT: And, look, you read your PSIs. When we get a PSI we read the PSI. We're supposed to.

> [DEFENSE COUNSEL]: Correct. Correct.

> THE COURT: If we weren't supposed to read that, it wouldn't be in the PSI.

> [DEFENSE COUNSEL]: Well, my question to him as an attorney, as an attorney I said, did you controvert what the victim said, and he said no. You didn't put any witnesses on to controvert it, so in other words the Judge took it at face value? And said yes. Okay, I understand what happened. Nobody spoke to contradict or controvert this statement.

> THE COURT: Okay. I understand.

> [DEFENSE COUNSEL]: And that's what this is about.

The trial court granted Alaquinez's motion to reconsider and then clarified, "Well, I've really granted your motion for new trial on punishment." Later that day, the trial court signed an "Order on Request for Hearing on Defendant's Motion to Reconsider Sentence and Defendant's

Application for Deferred Adjudication," granting Alaquinez's request and specifying, "[T]his matter is set for hearing on a new trial for sentencing only on March 5 at 3:15 p.m." The State timely appealed and requested a stay of all trial court proceedings. *See* TEX. CODE CRIM. PRO. ANN. art. 44.01(e).[2]

## DISCUSSION

### I. The Order Was Functionally Indistinguishable from an Order Granting a Motion for New Trial

The State is entitled to appeal an order that grants a new trial. *Id.* art. 44.01(a)(3); *see also* TEX. CONST. art. V, § 26; *State v. Evans*, 843 S.W.2d 576, 577 (Tex. Crim. App. 1992). On appeal, the State argues — and Alaquinez agrees — that the trial court's "Order on Request for Hearing on Defendant's Motion to Reconsider Sentence and Defendant's Application for Deferred Adjudication" is an order granting a new trial on punishment.

"If a trial court's order is functionally indistinguishable from the granting of a motion for new trial, a reviewing court can look past the label given to it and treat it as an order granting the motion for new trial." *State v. Davis*, 349 S.W.3d 535, 538 (Tex. Crim. App. 2011). Rule 21.1(b) of the Texas Rules of Appellate Procedure defines "new trial on punishment" as "a new hearing of the punishment stage of a criminal action after the trial court has, on the defendant's motion, set aside an assessment of punishment without setting aside a finding or verdict of guilt." TEX. R. APP. P. 21.1(b). Here, Alaquinez filed a written request, asking the trial court to reconsider its sentence of incarceration, reconsider Alaquinez's application for deferred adjudication, and resentence him. The filing did not ask for the withdrawal of his plea of no contest pursuant to the plea bargain or for a re-adjudication of guilt. The trial court specified, at the hearing leading to its order, that the plea bargain would remain in effect and that it had "granted [Alaquinez's] motion

---

[2] Presumably, the trial court granted the stay, but the record is silent on the matter.

for new trial on punishment." The written order confirms this outcome, stating, "[T]his matter is set for hearing on a new trial for sentencing only."

On this record, the trial court's order was functionally indistinguishable from the granting of a motion for new trial on punishment because the order had the effect of granting a new hearing on punishment after setting aside the January 10, 2024 assessment of punishment, upon Alaquinez's request, without setting aside the trial court's finding of guilt. *See id.*; *Davis*, 349 S.W.3d at 538 (holding order granting "Motion for Reconsideration or Reduction of Sentence," which reduced defendant's sentence but left his plea unchanged was functionally indistinguishable from the granting of a new trial on punishment).

## II. Standard of Review

In its sole issue, the State argues that the trial court abused its discretion by granting Alaquinez's motion for new trial on punishment without a legal basis. We review a trial court's ruling on a motion for new trial for an abuse of discretion. *State v. Gutierrez*, 541 S.W.3d 91, 97–98 (Tex. Crim. App. 2017); *State v. Simpson*, 488 S.W.3d 318, 322 (Tex. Crim. App. 2016). We view the evidence in the light most favorable to the trial court's ruling and uphold that ruling if it was within the zone of reasonable disagreement. *Webb v. State*, 232 S.W.3d 109, 112 (Tex. Crim. App. 2007). "We do not substitute our judgment for that of the trial court; rather, we decide whether the trial court's decision was arbitrary or unreasonable." *McQuarrie v. State*, 380 S.W.3d 145, 150 (Tex. Crim. App. 2012) (quoting *Holden v. State*, 201 S.W.3d 761, 763 (Tex. Crim. App. 2006)). We will conclude a trial court abused its discretion "only when no reasonable view of the record could support its ruling." *State v. Lerma*, 639 S.W.3d 63, 68 (Tex. Crim. App. 2021).

"A trial court abuses its discretion if it grants a new trial for a non-legal or a legally invalid reason." *State v. Thomas*, 428 S.W.3d 99, 104 (Tex. Crim. App. 2014). Texas Rule of Appellate

Procedure 21.3 provides the legal bases for which a trial court must grant a defendant a new trial or a new trial on punishment. *See* TEX. R. APP. P. 21.3. These grounds are not exclusive, and a trial court has the discretion to grant a new trial "in the interest of justice." *State v. Herndon*, 215 S.W.3d 901, 906–07 (Tex. Crim. App. 2007). That discretion, however, is not unbounded or unfettered. *Id.* at 907. "'[J]ustice' means in accordance with the law." *Id.* In other words, "[t]here must be some legal basis underpinning the grant of a new trial, even if it is granted in the interest of justice." *Thomas*, 428 S.W.3d at 105. A trial judge "cannot grant a new trial on mere sympathy, an inarticulate hunch, or simply because he personally believes that the defendant is innocent or 'received a raw deal.'" *Herndon*, 215 S.W.3d at 907. "Without a showing that substantial rights were affected, a defendant should not be granted a new trial or else 'the phrase "interest of justice" would have no substantive legal content, but [would] constitute a mere platitude covering a multitude of unreviewable rulings.'" *Thomas*, 428 S.W.3d at 105 (quoting *Herndon*, 215 S.W.3d at 907). While the Court of Criminal Appeals has not established bright-line rules to control appellate review, it has concluded:

> [A] trial court would not generally abuse its discretion in granting a motion for new trial if the defendant: (1) articulated a valid legal claim in his motion for new trial; (2) produced evidence or pointed to evidence in the trial record that substantiated his legal claim; and (3) showed prejudice to his substantial rights under the standards in Rule 44.2 of the Texas Rules of Appellate Procedure.

*Thomas*, 428 S.W.3d at 105 (quoting *Herndon*, 215 S.W.3d at 909).

III. Analysis

Referencing *Herndon*, the State argues that Alaquinez failed to (1) articulate a valid legal claim in his motion for new trial, (2) produce or point to evidence in the trial record substantiating his claim, or (3) show prejudice to his substantial rights. Alaquinez responds that, "The hearing record clearly shows that [Alaquinez] essentially and constructively raised the issue of ineffective

assistance of counsel and that this appeared to sway the Court into granting the motion." He argues he satisfied the "test posed by *Herndon*" because:

> [Alaquinez] demonstrated that his constitutional rights were violated when no witnesses were called during the sentencing phase of the legal proceedings and that said failure undermined the outcome of his sentencing. [Alaquinez] raised the issue of ineffective assistance of counsel by showing that his counsel failed to call any witnesses that would aid in [Alaquinez]'s mitigation and showed on the record that no witnesses were called. [Alaquinez] also demonstrates that this matter was not a harmless error as his fundamental rights were violated and it impacted the outcome of the proceeding.

Further, Alaquinez asserts that his second defense counsel indicated that Alaquinez would present at least five witnesses at a resentencing hearing, and the trial court gave reasons for granting a new trial, including that the January 10, 2024 sentencing hearing was "just about argument."

To begin, Alaquinez is correct that ineffective assistance of counsel may be a valid legal claim upon which a new trial may be granted. *See Reyes v. State*, 849 S.W.2d 812, 815 (Tex. Crim. App. 1993) ("[W]e hold that ineffective assistance of counsel may be raised in a motion for new trial."); *see also Thomas*, 428 S.W.3d at 107. Although the claim is not listed in Texas Rule of Appellate Procedure 21.3 as a ground for a new trial, the grounds listed are illustrative, not exhaustive. *Herndon*, 215 S.W.3d at 907; *Reyes*, 849 S.W.2d at 815 (interpreting earlier, similar rule). Moreover, the trial court had plenary power to modify the January 10, 2024 sentence because Alaquinez filed his motion within thirty days of sentencing. *See State v. Aguilera*, 165 S.W.3d 695, 697–98 (Tex. Crim. App. 2005) ("At a minimum, a trial court retains plenary power to modify its sentence if a motion for new trial or motion in arrest of judgment is filed within 30 days of sentencing.").

However, while ineffective assistance of counsel may be a valid legal claim, Alaquinez did not explicitly articulate this claim in his motion for new trial. *See Herndon*, 215 S.W.3d at 909. His written motion does not assert the claim by name, or even allude to his prior counsel. *Cf. State*

*v. Zalman*, 400 S.W.3d 590, 593–94 (Tex. Crim. App. 2013) ("We have repeatedly held that an essential element of a motion for new trial is that the matter of error relied upon for a new trial must be specifically set forth therein." (citation and brackets omitted)). Nevertheless, Alaquinez's second counsel discussed his phone call with Alaquinez's first counsel and hinted at deficiencies in his representation. Assuming solely for the sake of argument that Alaquinez sufficiently raised an ineffective assistance of counsel claim, we nevertheless hold that Alaquinez has not shown his entitlement to a new trial on this basis. *See Herndon*, 215 S.W.3d at 907 ("[T]he trial court does not have discretion to grant a new trial unless the defendant shows that he is entitled to one under the law."); *see also Thomas*, 428 S.W.3d at 104.

To establish ineffective assistance of counsel in a criminal trial, a defendant must prove by a preponderance of the evidence that his trial counsel's performance was deficient and that counsel's deficient performance prejudiced him. *Strickland v. Washington,* 466 U.S. 668, 687 (1984); *Hernandez v. State,* 988 S.W.2d 770, 770 n.3 (Tex. Crim. App. 1999). Failure to satisfy either prong defeats the claim. *Strickland*, 466 U.S. at 697; *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999). To satisfy the first prong, an appellant must prove by a preponderance of the evidence that trial counsel's performance fell below an objective standard of reasonableness under the prevailing professional norms. *Lopez v. State*, 343 S.W.3d 137, 142 (Tex. Crim. App. 2011). Trial counsel's performance is subject to a "highly deferential" review and there "is a strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance." *Andrews v. State*, 159 S.W.3d 98, 101 (Tex. Crim. App. 2005). Thus, any allegation of ineffective assistance must be firmly founded in the record. *Menefield v. State*, 363 S.W.3d 591, 592 (Tex. Crim. App. 2012). Moreover, direct appeal usually is an inadequate vehicle for raising an ineffective assistance claim because the record generally is undeveloped. *Id*. at 592–93.

Trial counsel ordinarily should be given an opportunity to explain his or her actions and, if counsel is not given that opportunity, we should not conclude that counsel's performance was deficient unless the challenged conduct was "so outrageous that no competent attorney would have engaged in it." *Nava v. State*, 415 S.W.3d 289, 308 (Tex. Crim. App. 2013). To satisfy the second *Strickland* prong, an appellant must show a reasonable probability that, but for trial counsel's deficient actions, the result of the proceeding would have been different. *Lopez*, 343 S.W.3d at 142. A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Id.*

Alaquinez asserts that his first trial counsel offered ineffective assistance because he failed to call witnesses at sentencing, but this claim is not firmly founded in the record. *See Menefield*, 363 S.W.3d at 592. "Counsel's failure to call witnesses at the guilt-innocence and punishment stages is irrelevant absent a showing that such witnesses were available and appellant would benefit from their testimony." *King v. State*, 649 S.W.2d 42, 44 (Tex. Crim. App. 1983); *accord Ex parte Ramirez*, 280 S.W.3d 848, 853 (Tex. Crim. App. 2007). Alaquinez made neither showing. Alaquinez asserted a legal basis without any evidence to support it.

At the hearing on his motion for new trial, Alaquinez's newly-obtained counsel represented that five unnamed witnesses, and potentially Alaquinez as well, could testify at resentencing. However, Alaquinez presented no testimony to show that such witnesses were available, and there was no testimony, or even representations from counsel, regarding the substance of proposed testimony from these witnesses. *See Ex parte McFarland*, 163 S.W.3d 743, 758 (Tex. Crim. App. 2005) (holding defendant failed to show prejudice to establish ineffective assistance of counsel when he failed to show that unnamed witnesses were available to testify or that their testimony would have benefitted him); *King*, 649 S.W.2d at 44. Moreover, Alaquinez's first trial counsel

did not testify to explain his actions and possible strategy. *Cf. Bone v. State*, 77 S.W.3d 828, 833 (Tex. Crim. App. 2002) ("Under normal circumstances, the record on direct appeal will not be sufficient to show that counsel's representation was so deficient and so lacking in tactical or strategic decisionmaking as to overcome the presumption that counsel's conduct was reasonable and professional."). Consequently, we hold the trial court abused its discretion if it granted Alaquinez's motion based on the asserted ineffective assistance of Alaquinez's first trial counsel because no reasonable view of the record — which contains no testimony from any mitigation witnesses, Alaquinez's first trial counsel, or anyone else — could support the ruling. *See Lerma*, 639 S.W.3d at 68; *King*, 649 S.W.2d at 44; *cf. Thomas*, 428 S.W.3d at 105.

Alaquinez asserts no alternative legal claim that could support the trial court's ruling to grant Alaquinez's motion for new trial. Therefore, we sustain the State's sole issue and hold the trial court abused its discretion by granting a new trial on punishment for a non-legal or a legally invalid reason. *See Thomas*, 428 S.W.3d at 104; *Herndon*, 215 S.W.3d at 907.

## CONCLUSION

Because the trial court abused its discretion by granting a new trial on punishment, we reverse the trial court's February 8, 2024 Order on Request for Hearing on Defendant's Motion to Reconsider Sentence and Defendant's Application for Deferred Adjudication and remand the case to the trial court to reinstate the Judgment of Conviction by Court — Waiver of Jury Trial, entered on January 10, 2024.

Rebeca C. Martinez, Chief Justice

DO NOT PUBLISH